May Term, 1827.

MILLS v. KUYKENDALL.

---

MILLS and Another, Administrators, *v.* KUYKENDALL, Administrator.

A bill drawn on an administrator in these words, "Please to settle 80 dollars, out of my part of the estate, with *Nathan Harness,* and this my order shall be your receipt for the same,"—is not a valid bill of exchange; being payable only out of a particular fund.

A declaration against the acceptor of such a bill, depending alone for its support upon the bill and acceptance, contains no cause of action, whether the acceptance be absolute or conditional.

May Term,
1827.

MILLS
v.
KUYKENDALL.

Wednesday,
May 9.

The administrator, on whom the above-named bill was drawn, promised the holder that if he would retain the bill, it should be paid whenever a certain farm should be sold : *Held*, that as the consideration of this promise arose subsequently to the intestate's death, no action would lie against the administrator on the promise, so as to charge the estate of the intestate.

The promise of an administrator, to pay a debt of the intestate, need not be averred in the declaration to be in writing; the statute of frauds applying to the proof and not to the declaration.

APPEAL from the *Knox* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by *Kuykendall*, administrator of *Nathan Harness*, against *Mills* and *Harness*, administrators of *Adam Harness*. The declaration contains two counts. In the first count, the plaintiff avers that *Michael Harness*, one of the heirs of *Adam Harness*, deceased, being entitled to 100 dollars from the defendants, administrators of the estate, drew an order in writing for 80 dollars in favour of *Nathan Harness*, for value received from him, directed to the defendants, administrators, as follows:—"Please to settle 80 dollars, out of my part of the estate, with *Nathan Harness*, and this my order shall be your receipt for the same." The plaintiff further avers that his intestate, *Nathan Harness*, presented this order to the defendants, administrators; and that they accepted the same by parol. By means whereof they became liable, &c., and promised to pay, &c. The second count is the same with the first, except that it alleges—that the defendants, administrators, refused to accept the order, and requested the payee to keep it, promising to pay it if they should sell a certain farm belonging to the estate; that the payee did keep the order; and that the defendants had sold the farm. By means whereof the administrators, &c. became liable, &c., and in consideration thereof promised, &c. To the declaration, there is the common conclusion that the defendants, though often requested, &c. have not paid, &c. The defendants pleaded non assumpserunt, and the plaintiff joined issue. The cause was tried, and the jury found for the plaintiff below 80 dollars in damages. The defendants moved for a new trial, which was overruled; and the Court rendered judgment on the verdict against the defendants below, *de bonis propriis*.

The refusal of the Court to grant a new trial in this case is one of the errors assigned. That point must be laid out of the case. The grounds of the motion for a new trial are not be-

fore us, and we have no means of determining as to the propriety of the decision. Copies of an affidavit of the discovery of new evidence, and of a dedimus and deposition, are sent up by the clerk, but none of these papers are made matter of record, by bill of exceptions or otherwise; and we are therefore obliged to pass them by without notice. Nothing appearing to the contrary on the record, we are bound to presume that the motion for a new trial was correctly overruled.

This cause turns altogether upon the question, whether the declaration contains a sufficient cause of action?

The first count, in substance, is upon the absolute acceptance of a bill of exchange. The writing accepted is set out in hæc verba in the declaration. It is a draft by an heir upon the administrators to pay a certain sum *out of his part of the estate.* The bill is not drawn upon the general credit of the drawer, but is only a request to pay *out of a particular fund.* It is not therefore a bill of exchange. To this there are many authorities. Thus, a bill as follows, "Sir, you are to pay Mr. *Herle* £1,945 out of the money in your hands, belonging to the proprietors of the *Devonshire* Mines, being part of the consideration-money for the purchase of the manor of West Buckland," was held to be no bill of exchange, because it was only payable out of a particular fund. *Jenny* v. *Herle,* Ld. Raym. 1361. See, also, *Dawkes* v. *Lord de Loraine,* 2 Bl. Rep. 782.—3 Wils. 207.—Chitt. on Bills, 56. The first count therefore is bad. It depends alone for support upon the acceptance of an instrument of writing, which of itself contains no cause of action.

With respect to the second count. In that is set out a conditional acceptance of the same bill that is described in the first count. The averment is, that the administrators refused to accept the writing, but requested the payee to keep it, and promised that if they should sell a certain farm of the estate, they would pay the money in the writing mentioned; that the payee accordingly did keep the order, and that the administrators have sold the farm. This allegation, so far as the validity of the declaration depends upon the instrument of writing as a bill of exchange, cannot have a greater effect than the absolute acceptance of the bill averred in the first count. By the terms of the bill, the payment depends upon the sufficiency of a particular fund, and it is therefore, as has been already ob-

7

served, of no validity. Its acceptance, whether absolute or conditional, cannot be declared on as a cause of action. To the second count, so far as it is founded on the bill, the following passage from Chitty on Bills is applicable: "When a bill has been drawn on an agent requesting him to pay a sum of money out of a particular fund, though we have seen that such an instrument will be wholly void as a bill of exchange, because the payment of it depends upon a contingency; yet if the drawee promise to pay the amount when he shall receive funds, and the holder in consequence retains the bill, the amount, when received, will be recoverable from the drawee under the common count for money had and received." He cites this case: In assumpsit, the first count was against the defendant as the acceptor of a bill of exchange, drawn by Admiral *Smith* on the defendant his agent; the others were the money counts. The defendant was a navy-agent, and the bill was as follows: out of my half-pay, which will become due on the 1st of *January*, pay to *Stephens* £15. This was brought to the defendant, who said he had then no money of Admiral *Smith's* in his hands, but that he would pay it out of the admiral's money when he received it. The defendant objected to the count on the bill as it appeared to be not a bill of exchange, it being drawn on a particular fund, and not payable generally, which was necessary to constitute a legal bill of exchange. This count was abandoned by the Solicitor-General, who put the case on the count for money had and received; and on that count had judgment. Chitt. on Bills, 252. The second count therefore in this declaration, so far as it is founded on the bill, is equally objectionable with the first count.

If the second count be considered as depending for its support, not on the bill and its conditional acceptance, but upon the promise stated to have been made by the defendants to pay *Nathan Harness* the debt due to him from *Michael*, in consideration of the keeping of the bill by *Nathan* at the defendants' request, until the farm should be sold,—we think that ground will not support the count. There, the consideration of the promise arises subsequently to the intestate's death, and therefore if sufficient to support the promise, it can only charge the defendants personally, and can only support an action against them in their individual capacities (1). This is not such an action. It

is against the defendants as administrators. They are not merely named in such a way, that the term administrators may be considered a descriptio personarum. On the contrary, the defendants are charged throughout in their representative characters. The whole case shows, that the object of the plaintiff was to charge the estate of the deceased, by obtaining a judgment against the administrators *de bonis intestati.* The promise of administrators, on a consideration originating subsequently to their intestate's death, cannot sustain such an action. Whether the consideration, averred in the second count, will support the promise to charge the defendants personally, we give no opinion: the case does not require it. That the promise is not stated to be in writing would be no objection, were the case calculated for a judgment *de bonis propriis,* as the statute of frauds applies to the evidence, not to the declaration (2); but the fatal objection to the count is, that the plaintiff in his suit goes altogether against the administrators in their representative character—against the estate of the intestate, when, by his own showing, that estate has nothing to do with his cause of action, and can in no way be affected by it.

*Per Curiam.*—The judgment is reversed with costs.

*Tabbs,* for the appellants.

*Judah,* for the appellee.

May Term,
1827.

MILLS
v.
KUYKENDALL.

(1) *Forth* v. *Stanton,* 1 Will. Saund. 210, and note (1).

(2) Note (2) to *Forth* v. *Stanton,* 1 Will. Saund. 211. Where a thing is originally made by act of parliament, and required to be in writing, it must be pleaded with all the circumstances required by the act, as in the case of a will of lands, to have been made in writing; but where an act makes writing necessary to a matter, where it was not so at the common law, as where a lease for a longer term than three years is required to be in writing by the statute of frauds, it is not necessary to plead the thing to be in writing, though it must be proved to be so in evidence. Anon. 2 Salk. 519. Note (2) to *Duppa* v. *Mayo,* 1 Will. Saund. 276. In an action on a bill of exchange, the declaration averred that the defendant had accepted the bill, but did not aver the acceptance to be *in writing. Held,* that the averment was sufficient on special demurrer, although the statute of 1 and 2 Geo. 4. requires the acceptance to be *in writing. Chalie* v. *Belshaw,* 6 Bing. 529.