DARTER and Others *v.* The State, on the Relation of SMITH and Another.

If a special plea in bar in denial be set aside on the plaintiff's motion, and the cause be afterwards fully and fairly tried on the merits, in the same manner as if a plea had been filed requiring the plaintiff to prove every fact necessary to support the action, the setting aside the plea cannot be assigned for error by the defendant.

The goods of a tenant, indebted to his landlord for rent, were sold by a constable on an execution in favour of a third person. The landlord proceeded under the statute, and proved the amount of rent due to him. *Held*, in a suit on the official bond of the constable for his refusing to pay the rent to the landlord, that the justice's judgment was conclusive evidence as to the amount of the rent due. *Held*, also, that in such suit, the landlord is not limited, as to the sum to be recovered, by the amount of the execution.

In an action against a principal and his surety, the admissions of the principal may be proved to show his own liability. Whether they are admissible as evidence against the surety? *quære*.

APPEAL from the *Fayette* Circuit Court.

*Monday, December* 10.

BLACKFORD, J.— This was an action of covenant commenced by the state, on the relation of *Smith & Conwell*, before a justice of the peace. The action is against a constable and his sureties on their bond. The complaint is, that there was a certain amount due from an execution-defendant to the relators, as his landlords, for less than a year's rent ; that the constable, by a sale on the execution

Nov. Term,
1838.

DARTER
v.
THE STATE.

of the tenant's goods found upon the premises leased, had collected a certain sum of money ; that the relators had proved their claim to the rent before a justice of the peace conformably to the statute, had given notice of the judgment of the justice to the constable, and had requested him to pay their demand out of the money collected on the execution ; that the constable had refused to pay, &c.

The defendants pleaded, before the justice, two special pleas : *first*, That the time for returning the execution, mentioned in the declaration, had not elapsed at the time the suit was commenced; *secondly*, That there was no rent due to the relators when they commenced this suit. The justice set aside these pleas on motion ; and the parties afterwards, as the record shows, went to trial on the merits.

The justice gave judgment for the plaintiff, and the defendants appealed to the Circuit Court.

The special pleas which had been set aside by the justice, were also, on motion, rejected by the Circuit Court. A jury was then impanelled and the cause was tried. Verdict and judgment for the plaintiff.

The record shows that this cause has been fully and fairly tried in the Circuit Court upon the merits, in the same manner as if a plea had been filed which would have put the plaintiff upon the proof of every fact which was necessary to support the action. That being the case, it is not material for us to inquire, whether the special pleas in denial were correctly set aside or not. Their being set aside did not injure the defendants.

The following questions arise in this case.

First, had the defendants a right to introduce evidence to show, that the decision of the justice respecting the amount of rent due to the relators was incorrect ; the execution-plaintiff having had due notice of the suit before the justice ? We answer this question in the negative. The judgment of a justice in this case has the same validity that it has in any other case in which he has jurisdiction. The execution-plaintiff had a right to an appeal, if he was dissatisfied with the decision of the justice. Rev. Code, 1831, p. 422.

The next question is, were the relators limited, as to the amount of their recovery, by the amount of the execution

against the tenant ? We think the relators were not so limited. If the constable sold the goods levied on for a larger sum than that due on the execution, and the landlord could only demand the amount of the execution, the surplus would be paid to the execution-plaintiff. In that case, the tenant's goods would go in part to pay the execution-creditor, in preference to the landlord, which the statute does not permit.

The third question is, whether in a suit against a principal and his surety, the admissions of the principal may be proved ? This evidence is at least good against the principal ; and perhaps the plaintiff, after introducing it, might be able to prove a similar acknowledgment made by the surety. If that were done, there could be no doubt but that both defendants would be bound by the admissions. *Hackleman* v. *Moat,* 4 Blackf. 164. The case does not require an opinion, as to whether the acknowledgment of the principal alone is binding on the surety.

The appellants have made some other points, but they are obviously untenable.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*C. B. Smith* and *C. H. Test,* for the appellants.

*J. Perry,* for the appellee.