Nov. Term,
1845.

———

MORRIS
v.
THE STATE.

</div>

## MORRIS v. THE STATE.

<div style="text-align:right">

7b 607
145 123

</div>

On the trial of an indictment under the act against fraudulent voting, the defendant's statements made under oath at the polls on being challenged, are not admissible evidence for him; nor is the decision of the judges of the election in favour of his right to vote any defence.

The defendant's right, in the case of an indictment, to challenge a juror peremptorily remains open until the juror is sworn.

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—This was an indictment under the act of 1843, p. 153, against fraudulent voting. Plea, not guilty. Verdict of guilty, and judgment on the verdict.

<div style="text-align:right">

Saturday,
January 10,
1846.

</div>

On the trial, after the testimony on behalf of the state was closed, the defendant offered to prove that at the election held, on, &c., as stated in the indictment, he was challenged as not being a legal voter; that he was thereupon sworn by the inspector; and that the inspector and judges decided that he was a legal voter. He also offered to prove what his statements, made under oath, were when challenged at the polls. The Court permitted him to prove that he was challenged, that he was sworn, and that it was decided that he was a legal voter, but they would not allow him to give his statements in evidence. The defendant then asked a witness, who was one of the judges of the election, whether he, the defendant, affirmed his right to vote, or whether he merely submitted the matter to the inspector and judges, but the Court would not allow the question to be asked.

We think the Court did not err on either point. It was competent for the defendant to prove the same facts, by disinterested witnesses, that he swore to at the polls, but he

Nov. Term, 1845.

could not, by giving his own statements in evidence, make testimony for himself. Nor can the determination of the judges of the election in favour of the defendant's right to vote, avail him as a defence in this case. The judges may have been imposed upon by the statements of the defendant, or they may have mistaken the law. If their decision under such circumstances was final, the statute, under which the defendant is indicted, would be a dead letter.

While the Court was impanelling the jury to try the case, a question arose, substantially the same as that which arose in the case of *Munly* v. *The State*, decided at this term, relative to the time at which the defendant's right to challenge a juror peremptorily should cease. The defendant challenged a juror before he was sworn, but the Court would not allow the challenge. It is unnecessary to encumber this opinion with the facts stated in the bill of exceptions, they being substantially the same as those in the case referred to. The Court erred in refusing the challenge. In *Munly* v. *The State*, we decided that the right of a defendant charged with a criminal offence, to challenge a juror peremptorily, remains open until the juror is sworn. The judgment must therefore be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*O. H. Smith, W. Quarles,* and *J. H. Bradley,* for the plaintiff.

*A. A. Hammond,* for the state.