## COMPTON *v.* FLEMING.

In replevin by the assignee of a bankrupt, the defendant may give in evidence the statements of the bankrupt, made before his application for the benefit of the bankrupt law, to prove the property to be in a stranger.

But the plaintiff cannot prove the admissions of such stranger that the property belonged to the bankrupt; the stranger himself being a competent witness for the plaintiff.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—*Fleming* sued *Compton* in replevin for detaining two horses. Pleas, 1. Non detinet; 2. Property in the defendant; 3. Property in one *Robert H. Brickell.* Replications to the second and third pleas, property in the plaintiff. On the trial, the plaintiff proved that he was the assignee, under the bankrupt law, of one *M'Makin*, who had been declared a bankrupt, and that, before the commencement of the suit, said *M'Makin* was the owner of the property described in the declaration. The defendant then offered to prove that *M'Makin* had stated, at different times, before his application for the benefit of the bankrupt law, that the property in dispute belonged to *Brickell*, the person named in the third plea. The plaintiff objected to this evidence of the defendant, and the objection was sustained. The plaintiff offered to prove that, before the commencement

of the suit, said *Brickell* had admitted that the property described in the declaration belonged to the bankrupt, *M'Makin*, through whom the plaintiff claimed as assignee. The evidence was objected to, but it was admitted. Verdict and judgment for the plaintiff.

The evidence offered by the defendant of the statements made by the bankrupt, before his application for the benefit of the bankrupt law, ought to have been admitted. The plaintiff stands in the place of the bankrupt, and the latter's admissions tending to lessen the fund, made before the bankruptcy, were admissible against the plaintiff. *Bateman et al.* v. *Bailey*, 5 T. R. 512, 513.—1 Greenl. Ev. 220.

The evidence of the admissions of *Brickell*, which the plaintiff was permitted to introduce, was mere hearsay, and should have been rejected. *Brickell* himself might have been examined as a witness. *Fuller* v. *Wilson et al.* 6 Blackf. 403.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick*, for the plaintiff.

*W. H. Coombs*, for the defendant.