Doe, on the Demise of Chandler and Others, *v.* Evans and Another.

Ejectment for two town-lots. The lessors gave in evidence a deed from *M'G.* (who was the patentee of a fraction of land containing the lots in controversy) to *C. B.*, dated *February* 24th, 1818, for thirty acres of land, described by metes and bounds, and as being the same land on which *J. R.* then lived ; a deed from *C. B.* to *I. B.*, dated *August* 28th, 1818, for the same land; and a deed from *I. B.* to *E.*, one of the defendants, and *A. C.*, dated *September* 23d, 1818, for two undivided third parts of the same. The lessors also proved the death of *A. C.*, that they were a part of his heirs, and that the other heirs had conveyed their interest in the thirty acres of land (which includes the premises described in the declaration) to them. The defendants were in possession at the commencement of the action.

The defendants gave in evidence a deed from *M'G.* to *E.* and one *J.*, conveying to them one hundred and thirty acres of land in fee-simple (describing the same by metes and bounds) "with the exception of thirty acres heretofore (theretofore) conveyed to *C. B.*" This deed bore date *June* 20th, 1817. The land described in it includes the thirty acres mentioned in the deeds adduced by the lessors.

The lessors then proved that *J. R.* (who was dead at the time of the trial) lived on and occupied said thirty acres of land during the years 1816, 1817, and a part of 1818; and they offered to give in evidence his admissions that he held the land as the tenant of *C. B.*, which evidence being objected to was rejected.

The Court instructed the jury that if the deed to *E.* and *J.* was the oldest one given in evidence, they should find for the defendants.

*Held,* that the exception in the deed to *E.* and *J.* was valid on its face. *Held,* also, that the evidence rejected should have been admitted. *Held,* also, that the instruction to the jury was erroneous.

ERROR to the *Vanderburgh* Circuit Court.

Dewey, J.—Ejectment on the separate demises of *W. H. Chandler, J. I. Chandler,* and *M. R. Chandler,* for lots Nos. 9 and 10 in the Upper Enlargement of *Evansville,* against *Evans* and *Stephens.* Plea, not guilty; verdict and judgment for the defendants.

On the trial, the lessors of the plaintiff gave in evidence a deed from one *M'Gary* (who was the patentee of a fraction of land containing the lots in controversy) and his wife to *Carter Beaman,* dated *February* 24th, 1818, for thirty acres of land, described by metes and bounds, and as being the same land on which *Joseph Robertson* then lived; a deed from *Beaman* and wife to *Isaac Blackford,* dated *August* 28th, 1818, for the same land; and a deed from *Blackford* to *Evans,* one of the defendants, and *Asaph Chandler,* dated *September* 23d, 1818, for two undivided third parts of the

same. The lessors of the plaintiff also proved the death of *Asaph Chandler*, that they were a part of his heirs, and that the other heirs had conveyed their interest in the thirty acres of land (which includes the premises described in the declaration) to them. It also appeared that the defendants were in possession at the commencement of the action. The defendants gave in evidence a deed from *M'Gary* and wife to *Evans* and one *Jones*, conveying to them one hundred and thirty acres of land in fee-simple (describing the same by metes and bounds) "with the exception of thirty acres heretofore (theretofore) conveyed to *Carter Beaman*." This deed bore date *June* 20th, 1817. The land described in it includes the thirty acres mentioned in the deeds adduced by the lessors of the plaintiff. The lessors of the plaintiff then proved that *Joseph Robertson* (who was dead at the time of the trial) lived on and occupied these thirty acres of land during the years 1816, 1817, and a part of 1818; and they offered to give in evidence his admissions, that he held the land as the tenant of *Carter Beaman*. This evidence being objected to was rejected.

The Court, on the motion of the defendants, instructed the jury that if the deed from *M'Gary* and wife to *Evans* and *Jones* was the oldest deed given in evidence, they must find their verdict for the defendants.

We think the Court erred in rejecting the admissions of *Robertson* as evidence, and in giving the charge to the jury.

In regard to the first point, we consider the exception in the deed from *M'Gary* and wife to *Evans* and *Jones*, as a good and valid exception on its face. It became important, therefore, to the lessors of the plaintiff, that it should appear that the excepted land was the same thirty acres to which they claimed title through the deed from *M'Gary* and wife to *Beaman*, which was younger than the deed from *M'Gary* and wife to *Evans* and *Jones*. They had established the fact, that *Robertson* was in possession of the land claimed by them, at the date of the latter deed. The possession of *Robertson* was *prima facie* evidence of his ownership of the land in fee; but his admissions that he held it as the tenant of *Beaman* would have shown a seisin in *Beaman*, and being in derogation of his own title, they were admissible evidence.

*Peaceable* v. *Watson*, 4 Taunt. 16. The seisin in *Beaman* of the thirty acres of land, to a part of which the lessors of the plaintiff had shown a *prima facie* title, was a fact proper for the consideration of the jury in determining the question of the identity of that land and the land contained in the exception in the deed from *M'Gary* and wife to *Evans* and *Jones*. For the purpose of establishing *Beaman's* seisin, the admissions of *Robertson* were legal testimony.

The charge to the jury was wrong for this reason: The lessors of the plaintiff had established a *prima facie* title to a certain tract of land containing thirty acres, which title was derived from the patentee of a certain fraction of land of which the thirty acres were a part. The defendants produced a deed from the patentee of a certain portion of the fraction granted to him, which portion also embraced the thirty acres. The deed under which the defendants claimed was older than that under which the lessors of the plaintiff claimed. But as the older deed contained an exception of thirty acres not granted by it, it did not necessarily rebut the title established by the lessors of the plaintiff. The claims of both parties were compatible with each other. The burthen of proof, therefore, that the thirty acres of land excepted from the grant of *M'Gary* and wife to *Evans* and *Jones*, were a different tract of land from that claimed by the lessors of the plaintiff, lay upon the defendants. It was consequently wrong to instruct the jury that they must find for the defendants, if the deed under which they claimed was the oldest deed given in evidence.

The instruction was wrong for another reason: If the deed to *Evans* and *Jones* had contained no exception, and they had been the real owners of the thirty acres of land claimed by the lessors of the plaintiff, at the time the deed from *Blackford* to *Evans* and *Asaph Chandler*, the ancestor of the lessors of the plaintiff, was executed, still under the circumstances of the case *Evans* could not set up his title against them. He comes within the principle, that the owner of an estate who stands by and suffers another to sell it, shall not set up his title against the purchaser. This is a familiar principle in equity. Sugd. on Vend. 262, and the authorities there cited. And we conceive this principle is equally opera-

tive in a Court of law. *Evans* not only suffered *Blackford* to sell the land now claimed by him to *Asaph Chandler*, but he became a joint purchaser with the latter. The assertion of a claim to this same land by a title in existence at the time of this transaction would, on the principle just stated, have been inadmissible against *Asaph Chandler*, and is equally so against his heirs. *Sayles* v. *Smith*, 12 Wend. 57. The foundation of this doctrine is the prevention of fraud. It is in general true, that a person is estopped from alleging or proving his own fraud. 2 Stark. on Ev. 437.

BLACKFORD, J., was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Brackenridge*, for the plaintiff.

*W. T. T. Jones*, for the defendants.