Nov. Term,
1851.

CARTER *v.* THOMAS.

CARTER
v.
THOMAS.

Where the declaration consists of a special and a common count, and the evidence received at the trial is admissible under the common count, the judgment for the plaintiff will not be reversed because the special count is bad.

Where the general issue and special pleas are filed to the action, and the defense set up in the special pleas is admissible under the general issue, the judgment for the plaintiff will not be reversed because a demurrer to the special pleas was erroneously sustained, if no injury appears to have been done.

If an administrator undertakes, in writing, to pay a debt of the intestate when assets shall come to his hands, he may be sued on the undertaking, after the receipt of such assets, in his individual capacity, and the judgment against him will be *de bonis propriis.*

ERROR to the *Cass* Circuit Court.

Saturday,
December 6.

PERKINS, J.—This was an action of assumpsit by *Susan Thomas*, administratrix upon the estate of *Henry Thomas*, deceased, against *Chauncey Carter*, in his individual capacity, upon the following instrument:

"*Spear S. Tipton, Chauncey Carter,* and *Jordan Vigus,* administrators of *John Tipton,* deceased, will please pay *Henry Thomas,* or order, 88 dollars and 50 cents, and oblige yours, &c., *H. B. McKeen. January* 21, 1843."

The acceptances on said order were as follows:

" Accepted, as administrator, 4th *February,* 1843. *S. S. Tipton.*"

" Accepted, to be paid when funds are received for the estate. *C. Carter,* administrator."

The declaration contained also the common counts.

*Carter* pleaded the general issue and several special pleas. The special pleas were all held bad on demurrer. There was a trial upon the general issue, and judgment against the defendant *de bonis propriis.*

The evidence given upon the trial was: 1. The order and acceptances above set out, the different signatures having been proved; 2. Proof that funds to the amount of 300 dollars, belonging to said estate, had, subsequently to said acceptance, come to the hands of said *Carter;* that on the 1st day of *August,* 1850, payment of said ac-

ceptance was demanded of him and refused; that the plaintiff was administratrix on the estate of *Henry Thomas*, deceased; that *Carter* had resigned as administrator before the commencement of this suit; and that *John S. Patterson* and *George T. Tipton* were administrators *de bonis non* upon said estate. This was all the evidence, and was offered under the common counts. Upon it, the Court, trying the cause instead of a jury, found for the plaintiff 128 dollars, and gave judgment accordingly.

It is objected to this judgment that the declaration is bad, that the special pleas were good, and that the judgment, if for the plaintiff at all, should have been against the defendant *de bonis intestati*, and not *de bonis propriis*.

As to the first objection, supposing the first count of the declaration bad, the common counts are sufficient to support the judgment, and the evidence was offered under them, as well as under the special count. As to the second objection, the defenses set up in the special pleas were all admissible under the general issue, and, hence, no injury, so far as appears, was done by the decision on the demurrer to said pleas (1). Upon the third point, the judgment, if against the defendant at all, was necessarily against him *de bonis propriis*, as he was declared against in his individual capacity; and, we think, upon the evidence, the judgment was rightly rendered against him. It seems that "if an executor or administrator promises, in writing, that in consideration of having assets, he will pay a particular debt of the testator or intestate, he may be sued on his promise in his individual capacity, and the judgment against him will be *de bonis propriis*." 2 Williams on Ex. 1267. See, also, *Jennings* v. *Newman*, 4 T. R. 347.—*DeValengin* v. *Duffy*, 14 Peters, 282.—*Mills* v. *Kuykendall*, 2 Blackf. 47.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*L. Barbour* and *A. G. Porter*, for the plaintiff.

*D. D. Pratt*, for the defendant.

(1) See *Darter* v. *The State*, 5 Blackf. 61.—*Shanklin* v. *Cooper*, 8 Blackf. 41.