Nov. Term,
1853.
_____

SWAILS
v.
THE STATE.

---

## SWAILS *v.* THE STATE.

To sustain an action for forcible entry and detainer, it is not necessary to show a legal title to the property, a peaceable possession when the wrong was committed being sufficient.

Proof that a person is acting notoriously as a public officer, and is generally recognized as such, is *prima facie* evidence of his official character.

School districts being public corporations, organized under a public statute, the courts will judicially take notice of their organization.

Trustees of a school district, appointed by the township clerk, held their office, under the R. S. 1843, until their successors were elected and qualified.

*Friday,*
*December 16.*

ERROR to the *Decatur* Circuit Court.

ROACHE, J.—Indictment against *Swails* for the forcible entry and detainer of a school-house, the property of a common-school district. Plea, not guilty. The issue was found for the state, and the defendant was fined.

It was proved upon the trial that *George McLaughlin,* *Zenas Darnall* and *William Butcher,* acting in the capacity of trustees of the district, had employed one *Simpson Darnall* to teach in the school-house of the district men- ·tioned in the indictment; that said *Simpson Darnall,* on the morning school was to commence, repaired to the school-house; and that the defendant was standing in the door of the house, with a stick or cane in his hand, using loud and threatening language, and declaring that the teacher should not enter.    After the latter had gone away, the defendant nailed up the doors of the school- house and left it.

During the trial, the prosecuting attorney offered to prove by parol testimony, that said township was a cor- poration, legally organized, and had been so recognized by the public for many years; and that said *McLaughlin,* *Zenas Darnall* and *Butcher* were acting as trustees of said school-district, to which the defendant objected, on the ground that there was a record of those facts, which was better evidence.

The Court overruled the objection, and permitted the testimony to go to the jury.

Upon cross-examination it appeared that said trustees had been appointed by the township clerk many years before; that notice for the election of trustees had been given several times; but that no election was held.

The defendant below requested the Court to instruct the jury to the effect that the state was bound to prove that the school-house belonged to the district, and that said school-district was organized as a corporation, by the records, unless the absence of the records was duly ac- counted for; and that district trustees, appointed by the township clerk, could only hold their offices until the next annual election for trustees.   These instructions the Court refused to give.

It is urged that the Court erred in admitting the parol evidence objected to, and in refusing to give the instruc- tions asked for.

We think the parol evidence was competent.   It was

not necessary for the state to show a legal title to the school-house in the district. To sustain the charge, it was sufficient to prove they were in peaceable possession. This could be properly done by parol.

Such evidence was also competent to establish the official character of the district trustees. The trustees, within their respective districts, are public officers. Proof that an individual has acted notoriously as a public officer, known to the laws, and has been generally recognized as such, is *prima facie* evidence of such official character, until rebutted by the defendant. 1 Greenl. Ev. ss. 83, 92.

Nor was it necessary that the organization of the district should have been established by the production of the records.

School districts are not mere private, but public or municipal corporations. Their organization is provided for by a public statute, of which the courts will judicially take notice. *Portsmouth Livery Company* v. *Watson*, 10 Mass. 91.

All that it was necessary for the state to prove was, that the officers required by the statute creating the corporation, were acting in the discharge of the duties imposed by its provisions.

The public law creates the school-district a corporation. Its organization is perfected by the election or appointment of three trustees, who are vested with powers to transact all its business. R. S. 1843, c. 15, ss. 41, 42. The only organization, under the statute, is the election or appointment of the trustees. Proof that such officers were acting in discharge of the duties required by the statute, is sufficient *prima facie* evidence of the organization.

The defendant insists, however, that *McLaughlin, Zenas Darnall* and *Butcher* were not legally the trustees of the district, for the reason that having been appointed by the township clerk several years previously, their terms of office expired at the first annual election after their appointment. In this he is mistaken. Sec. 51, c. 15, provides, that in case of a vacancy, the township clerk shall fill it by appointment. Section 52 enacts that such ap-

pointee shall hold for the residue of the term of the trustee whose place he fills, and until his successor is qualified. Section 53 provides that when the district fails to elect at the first election, the clerk shall appoint the three trustees, and designate the term of each, so that one shall retire annually, according to the rule established in section 43. The latter section relates to the election by the voters of the district, and provides that the trustees elected shall hold their offices for one, two, and three years, respectively, according to the number of votes received by each, and until a successor is qualified. It is immaterial, then, whether the trustees in the present case were appointed by the township clerk to fill vacancies, or in default of an election by the voters of the district. In either instance, they held the office until displaced by successors elected by the people, and qualified. (1)

*Per Curiam.*—The judgment is affirmed with costs.

*J. Robinson*, for the plaintiff.

*J. S. Scobey*, for the state.

(1) DAVISON, J., having been concerned as counsel, was absent.