## HIATT and Others v. SIMPSON.

Oral contemporaneous agreements cannot be given in evidence to control the effect of a written instrument.

The maker of a promissory note assuming on the face of the note to act in his individual capacity, will not be permitted to show by parol that he acted in any other capacity.

APPEAL from the *Wayne* Court of Common Pleas.

STUART, J.—Suit on a note made by the appellants to the appellee. On its face it is a plain note of hand, waiving appraisement, and signed by the makers personally. Answer, that in making the note the makers acted only as the agents of the *Cincinnati* and *Chicago* Railroad Company—in brief, setting up a contemporaneous understanding, to control the express terms of

the note. Demurrer to the answer sustained. And correctly too. Oral contemporaneous agreements cannot be permitted to be given in evidence to control the effect of a written instrument. *Harvey* v. *Laflin*, 2 Ind. R. 477.

Nov. Term,
1856.

HOLLINGS-
WORTH
v.
THE STATE.

The defendants in making the note, assumed to act in their individual capacity, and they cannot be permitted to contradict it by showing ·that they acted in any other capacity.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. Rariden*, for the appellants.

*O. P. Morton* and *L. Develin*, for the appellee.