The Boone County Bank *v.* Wallace.

———◆——

THE BOONE COUNTY BANK *v.* WALLACE.

The cashier of a bank, under circumstances which justify fears that he is about to perpetrate a fraud upon the bank, leaves the place of its location, taking with him considerable sums of money, claimed to be the property of the bank, and at the instance of the latter, is arrested on his way, the money found on his person, and taken in custody of the officer making the arrest, and at the time, the cashier admits the money belongs to the bank, &c.

*Held,* in an action of replevin by the bank against the officer, for the money, so in his custody, to which the cashier is not a party, that the declarations and admissions of the cashier, at the time of his arrest, are admissible in evidence as parts of the *res gesta.*

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—About the 25th of *October,* 1860,  *Theodore Kinget* arrived at *Boone* county, *Indiana,* from *Rhode Island,*

and became, at once, cashier of the *Boone County Bank*. There was, then, an unspecified amount of gold in its vault. The bank was a small concern, under the free banking law, of about six weeks existence. At noon, on *Friday*, the 2d day of *November*, there was, according to the evidence, probably from one to two thousand dollars of gold still in the bank. *Kinget* seems to have had the entire charge of the bank, and to have been the only person personally present in it.

In the afternoon of *Friday, November* 2, *Kinget* told one of the directors of the bank that the coin was all gone—that he had used it in redeeming paper, and that he was going that evening to *Zionsville* to procure more. He did not go.

In the afternoon of the next day, *Saturday, November* 3, 1860, *Kinget* left *Lebanon*, upon the cars bound for *Indianapolis*, where he arrived just after dark, on his way, it would seem, to the East. In the bank, after he left, was discovered a yard or so of new muslin, out of which a strip, about four inches wide, and long enough to encircle his body, had been cut. *Kinget* was arrested at *Indianapolis* immediately after his arrival, was searched, and there was found on his person 806 dollars in gold, between 300 and 400 dollars of which were in a belt of new muslin, made from a strip about four inches wide, and fastened around his body; also, about 40 dollars in good bank paper, and about 6,000 dollars of counterfeit bills on the *Boone County Bank*.

These funds were taken from him and held by *Wallace*, the sheriff of *Marion* county, against whom this suit was instituted by the *Boone County Bank* for the recovery of possession of that portion of the funds consisting of gold, claiming that it was the property of the bank.

On the trial, the bank, instead of calling *Kinget* a competent witness, offered to prove, by third persons, that when *Kinget* was searched, and the money taken from him and de-

livered to *Wallace*, he stated, as the money was taken from his person and delivered, that the gold was the gold of the *Boone County Bank*, and was not his own. The Court refused to let evidence of these declarations go to the jury; and whether this ruling was right or wrong, is the only question made in the cause before this Court. In *Ashby* v. *West*, 3 Ind. 170, the Court say, "it is no objection to the competency of a witness, in actions of replevin or trover, that he is called to prove the title of the property sued for to be in himself; as it makes no difference to the witness in a legal point of view which of the parties succeeds. The verdict and judgment in such cause would not be evidence in a subsequent action brought by the witness for the property, he not being a party or privy to the suit. *Ward* v. *Wilkinson*, 4 Barn. and Ald. 410."

This suit, then, between the *Boone County Bank* and *Wallace*, would determine the title to the gold in question only as between the parties and privies to the suit. There are no parties privy shown unless *Kinget* and *Wallace* stand in that relation. *Wallace* has no title, and claims none, except that of *Kinget*. Had the suit been instituted by the Bank against *Kinget*, while he had the money in possession, his declarations or admissions against himself would have been evidence; and as *Wallace* has no title but *Kinget's* it would seem reasonable that the same declarations should be evidence against him; but we have found much conflict of authority on the point, and we have not come to a conclusion in this case without difficulty and hesitation. Finding the authorities in other States at variance, we shall limit ourselves in this opinion, to a classification of some of those in our own reports.

The objection to the evidence is that it is hearsay; but it is settled, in this State, that such evidence is admissible in the following cases:

1. The declarations of a deceased person made while in pos-

session of real estate, in derogation of his own title. *Doe* v. *Evans*, 8 Blackf. 322; see, also, *Doe* v. *Moore*, 4 *id.* 445.

2. The declarations of an assignor of a note, made while he was the holder, except in cases of paper governed by the law-merchant, assigned when not over due. *Stoner* v. *Ellis*, 6 Ind. 152; *Lynn* v. *Jeter*, 7 Blackf. 300. Also, *id.* 432; 5 *id.* 220; 6 Ind. 444; Ind. Dig. 443.

3. The declarations of a co-plaintiff or co-defendant, against the other plaintiffs or defendants where there is a common cause or interest. *Caldwell* v. *Williams*, 1 Ind. 405; *Chapel* v. *Washburn*, 11 *id.* 393. See also, 8 Ind. 253; 7 *id.* 332.

4. And thus, also, in cases of principal and surety. *Parker* v. *The State*, 8 Blackf. 292; *King* v. *The State*, 15 Ind. 64. See *Darter* v. *The State*, 5 Blackf. 61; *Hackleman* v. *Moat*, 4 *id.* 164.

5. Whether the declarations of a person in possession of personal property, other than choses in action, are admissible in evidence in derogation of his title, is a point upon which the authorities, in this State, conflict, about as do those in other States. See *Ashby* v. *West*, 3 Ind. 170; also, 8 Blackf. 153, 262; 7 Ind. 442, 17, 615; 8 Ind. 256; 11 *id.* 347; 4 *id.* 171.

We hold them admissible, at least, to disprove title in the possessor, and one claiming title only through him. Whether they may be used to prove title in another we do not decide. See on this point the following, some of which may be called leading cases, in other States: *Paige* v. *Cagwin*, 7 Hill, (N. Y. Rep.) 361; *Hines et. al.* v. *Soule*, 14 Vt. 99; *Currier* v. *Gale*, 14 Gray (Mass.) 504; *Commonwealth* v. *Brown*, *id.* 419; *Commonwealth* v. *Saunders*, *id.* 394; *Commonwealth* v. *Goodwin*, *id.* 55.

6. Declarations forming a part of the *res gesta*, in connection with an act done, may be given in evidence where the act itself is legitimately given in evidence, and this equally in

Little and Others *v.* The Danville, &c., Plank Road Co.

civil and criminal cases, and without regard to the rule that the best evidence must be produced, they ranking as such. *Bland* v. *The State*, 2 Ind. 608; *Burgess* v. *Clark*, 3 Ind. 250; *Austin* v. *Swank*, 9 Ind. 109. Also, see, 7 Blackf. 607; 6 *id.* 387, 496; 5 *id.* 217, 390; 4 Ind. 516, 337, 171; 5 *id.* 133, 514; 7 *id.* 590, 615; 9 *id.* 157, 375; 10 *id.* 319; 13 *id.* 258; 15 *id.* 321; *Lane* v. *The State*, 16 Ind. 14.

In the case at bar, we think the act by which *Kinget* was deprived, and *Wallace* invested with the possession of the gold in suit, was one legitimately admissible as evidence in this case, and that, consequently, the declarations accompanying that, and explanatory of it, were admissible as a part of the *res gesta*. But could the declarations in this case explain, that is, give a reason for or character to the act? We do not decide this, as we think that, as against *Wallace*, the declarations were admissible as the declaration of the person at the time in possession, through whom the defendant claimed title. See the cases cited under the 5th division, *supra*.

*Per Curiam.*—The judgment below is reversed with costs. Cause remanded for another trial.

*J. E. McDonald* and *A. L. Roache*, for the appellant.
*T. J. Cason* and *R. W. Harrison*, for the appellee.