Cornthwaite *et al. v.* The First National Bank of Rockville.

----

CORNTHWAITE ET AL. *v.* THE FIRST NATIONAL BANK OF ROCKVILLE.

PROMISSORY NOTE.—*Execution of, by Administrator or Executor.—Personal Liability.—Decedent's Estate not Bound.*—Where, in renewal of a matured promissory note executed by his decedent, the administrator or executor of an estate, as such, executes to the payee a new promissory note, he thereby becomes personally liable, but the estate is not bound.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett,* for appellants.

*T. N. Rice* and *J. L. Johnston,* for appellee.

BIDDLE, J.—Complaint by the appellee, on the following promissory note: .

"$555.00.    ROCKVILLE, IND., Oct. 27th, 1877.

"Twelve months after date, we, or either of us, promise to pay to the order of Wm. E. Livengood, Cas. of the First National Bank of Rockville, Indiana, five hundred and fifty-five dollars, value received, without any relief from valuation or appraisement laws, with interest at ten per cent. per annum after maturity, and reasonable attorney's fees, if suit be instituted for the collection of this note. The drawers and endorsers severally waive protest and notice of protest for non-payment.

"No. 7694.    THOS. CORNTHWAITE, admr.

F. Lapresse estate.

"JOHN LANEY.

"SILAS CARPENTER."

Cornthwaite answered separately, substantially as follows:

That Francis Lapresse, as principal, and John Laney and Silas Carpenter executed to the plaintiff a joint and several note for five hundred dollars, dated July 26th, 1873, due ninety days after date, with interest at ten per cent. after maturity, waiving, etc., setting out the note; that after the execution of this note, and before the execution of the note sued on, Lapresse died, and this defendant was appointed and qualified as the administrator of his estate; that the note sued on was given in renewal of the former note after it became due, and for no other consideration; that this defendant had no individual interest in the transaction; that the note was given by him as administrator, to bind the estate of Lapresse, as a renewal of the first note; that it was so understood by all the parties liable thereon; and that the original note was assigned to Laney and Carpenter to hold in case they had to pay the note sued on.

Carpenter answered separately, that Cornthwaite is principal in the note, and he only surety, with the usual prayer for protection as such.

There are some other pleadings in the case, other rulings and exceptions, but, as no errors are assigned upon them, they are not stated.

A demurrer, alleging the insufficiency of the facts stated, was sustained to the answer of Cornthwaite, and exception reserved; and this ruling presents the first question for our consideration, which may be disposed of at once, as the appellants do not discuss it in their brief, by saying that the court committed no error in sustaining the demurrer.

Trial by the court; finding for the appellee, and that the makers were all principals as to the payee, and principals between themselves. Over a motion for a new trial and exception, judgment was rendered on the finding.

We think the judgment is correct. Cornthwaite could not bind the estate of Lapresse by signing the note as

administrator; but he bound himself thereby as principal. *Mills* v. *Kuykendall*, 2 Blackf. 47; *Carter* v. *Thomas*, 3 Ind. 213.

There is no evidence showing that either of the makers signed the note as surety for any one of the others; and there is nothing in the circumstances from which such a conclusion could be inferred.

The judgment is affirmed, with costs.