No. 9795.

MOODY ET AL. *v.* SHAW, ADMINISTRATOR.

CONTRACT.—A written contract can not be varied or controlled by a con-
temporaneous verbal agreement.

DECEDENTS' ESTATES.—*Administrator's Sale of Real Estate.*—The purchaser
of real estate at an administrator's sale takes the land subject to all
encumbrances, unless the order of sale otherwise directs, and the legal
effect of the contract can not be contradicted by a verbal contempora-
neous agreement.

Moody *et al. v.* Shaw, Administrator.

SAME.—*Promissory Note.—Set-Off.—Taxes.—Promise of Administrator.*—To a suit by an administrator *de bonis non,* on a promissory note given for the purchase of land at an administrator's sale, an answer of set-off for taxes paid on the land by the defendant, at the request of the former administrator, is insufficient; the mere promise of the administrator being insufficient to bind the estate in the absence of facts showing the right to charge the estate, or that the consideration for the promise arose prior to the intestate's death.

From the Clay Circuit Court.

*W. W. Carter,* for appellants.

*L. Shaw* and *J. S. Bays,* for appellee.

ELLIOTT, J.—The appellee as the administrator *de bonis non* of the estate of Daniel G. Dixson, deceased, instituted this action upon two promissory notes executed to the former administrator by the appellants.

The first paragraph of the answer admits the execution of the notes, alleges that they were executed in part payment for land sold by the administrator for the payment of debts; that the land was encumbered .by taxes to the amount of $63.38; that prior to the sale the administrator agreed to pay them; that he failed to do so, and at the time of the execution of the deed, and at the time the notes sued on were executed, it was agreed between the appellants and the administrator that they should execute their notes for the purchase-money, and should pay the taxes, and, upon payment, receive credit therefor on the notes executed by them.

The answer is bad for the reason that it attempts to set up a verbal agreement in contradiction of the terms of the written instruments executed by the parties. The appellants, as purchasers at the administrator's sale, took the land subject to all encumbrances; for, unless the order of sale otherwise directs, all conveyances by administrators are subject to existing liens. They can not contradict the effect of the contract by a contemporaneous verbal agreement; for the legal effect of a contract can no more be varied by oral negotiations than can its express terms and stipulations.

There are other objections to this answer, but we do not deem it necessary to notice them.

The second paragraph alleges that the estate represented by the appellee is indebted to the appellants for taxes on land paid by them at the request of the former administrator, and offers to set off the amount paid by them against the notes sued on. This paragraph is bad for the reason that it does not state facts showing authority in the administrator to bind the estate. A mere promise made by the administrator will bind him personally, but not the estate, unless facts are stated showing the right to charge the estate, or that the consideration for the promise arose prior to the intestate's death. *Holderbaugh* v. *Turpin,* 75 Ind. 84 (39 Am. R. 124); *Mills* v. *Kuykendall,* 2 Blackf. 47; *Cornthwaite* v. *First Nat'l Bank, etc.,* 57 Ind. 268. There is nothing in the answer before us showing that the estate was liable for the taxes, or that the administrator had any right to charge the estate with their payment.

Judgment affirmed.