Bott *et al. v.* Barr, Administrator.

No. 11,366.

BOTT ET AL. *v.* BARR, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Contract of Administrator.*—*Claim.*—*Pleading.*—*Statute of Frauds.*—Complaint'in two paragraphs, in the ordinary form, against an administrator: 1. Alleging a contract with the defendant to saw for him certain logs of the decedent into lumber at a certain price; that the work was done, and the defendant failed to pay on request. 2. Alleging a promise of the defendant to pay a certain sum for sawing lumber for the decedent in his lifetime, which lumber remained in the plaintiff's possession, and on which he held a lien for the sawing; that the lumber was delivered to the defendant on his promise to pay for the sawing, and that on request he failed to pay.

*Held,* that both paragraphs were good on demurrer.

From the Lawrence Circuit Court.

*W. H. Martin,* for appellants.

*M. F. Dunn* and *G. G. Dunn,* for appellee.

BICKNELL, C. C.—The appellants were the plaintiffs below. Their complaint was in·two paragraphs. Demurrers were sustained thereto for want of facts sufficient. Judgment was rendered upon the demurrers, and the plaintiffs appealed. The rulings upon the demurrers are the only errors assigned.

The first paragraph alleged that the defendant was·administrator, and that at the time of his intestate's death there were saw-logs of his in the plaintiff's log-yard, and that afterwards the defendant agreed with the plaintiffs to pay them forty cents per hundred feet for sawing said logs into lumber, and that under that contract they sawed for defendant 14,254 feet, and thereby became entitled to $72.16; that said sum is due and unpaid, and that defendant, although often requested, has failed to pay any part of it. Wherefore, etc.

The cause of action here stated is not within the statute, R. S. 1881, section 2310, because it is not "for the recovery of any claim against the decedent," and it is not within the first clause of section 4904, R. S. 1881, because the agreement stated is the original agreement of the defendant upon a suffi-

cient consideration. " The contracts of an executor or administrator can not be regarded as in any sense the contracts of the decedent. They are necessarily the personal contracts of the executor or administrator, and he must be held personally liable therefor, when he does not stipulate for exemption from such liability " Per HOWK, J., in *Long* v. *Rodman,* 58 Ind. 58, citing 3 Williams Ex'rs, 6th Am. ed., p. 1861, note k.

The first paragraph was sufficient. The second paragraph states that the plaintiffs, under a contract made with the intestate in his lifetime, had sawed for him 115,469 feet of lumber at forty cents per one hundred feet, for which their bill amounted to $461.60 ; and that since said intestate died, leaving said lumber in plaintiff's hands unpaid for, and defendant became his administrator ; that defendant demanded of plaintiffs said lumber as part of the assets of said intestate's estate, but plaintiffs refused to give it up until their lien for said $416.60 should be paid ; that thereupon said defendant promised the plaintiffs that if they would permit him to sell said lumber, he would, out of said sale, pay and discharge said lien in full ; that, relying on said promise, the plaintiffs did permit the defendant to sell said lumber, yet he, although often requested, has failed and refused to pay said lien or any part thereof. Wherefore, etc.

Here, also, the contract stated is the special contract of the defendant, made upon a sufficient consideration. Such a promise is not within the statute of frauds. *Luark* v. *Malone,* 34 Ind. 444. And see *Carter* v. *Thomas,* 3 Ind. 213 ; *Cornthwaite* v. *First Nat'l Bank,* 57 Ind. 268 ; *Hackleman* v. *Miller,* 4 Blkf. 322 ; *Morrison* v. *Kramer,* 58 Ind. 38 ; *Shaffer* v. *Ryan,* 84 Ind. 140 ; *Holderbaugh* v. *Turpin,* 75 Ind. 84. The second paragraph was sufficient. The court erred in sustaining the demurrers. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the ap-

pellee, and this cause is remanded, with instructions to the court below to overrule the demurrers to the first and second paragraphs of the complaint.

Filed May 8, 1884.