Filed May 6, 1884.

---

No. 11,078.

BROWN, ADMINISTRATOR, v. FORST.

DECEDENTS' ESTATES.—*Creditors Paid by Widow.*—*Subrogation.*—A widow has such an interest in the settlement of her deceased husband's estate as will, where it is beneficial to such estate, subrogate her to the rights of creditors of the estate whose claims she has paid off, or whose claims have been paid by the executor or administrator with money advanced by her for that purpose.

SAME.—*Administrator can not Bind Estate.*—*Contract.*—Her right to be reimbursed in such case depends solely on the doctrine of subrogation, and not on any contract made by her with the executor or administrator.

SAME.—*Evidence.*— *Validity of Claim.*—*Limitations.*—Where she seeks to be subrogated in such case, the evidence must show that claims paid off by her were valid claims against the estate, and that her right to recover is not barred by the statute of limitations.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellee.

HAMMOND, J.—The appellee, who is the widow of the appellant's intestate, on February 8th, 1882, filed against the estate the following claim, verified by affidavit as the statute provides:

"Sarah Forst complains of William Brown, administrator of the estate of Conrad Forst, deceased, and says, that said estate is indebted to her for money had and received by the former administrator, John Stults, to be by him applied in

payment of debts of said estate, and to be accounted for, on final settlement and distribution of said estate, in the following items, to wit:

" Money realized from the real estate of this claimant, sold by said Stults and withheld from the claimant, and applied on the debts of estate . . . . $400 00

Interest on same six years . . . . . . . . . . . . 144 00

Money paid at the bank, First National . . . . . . 100 00

Money paid at the bank, Citizens . . . . . . . . 45 00

Interest on last two items . . . . . . . . . . . 52 00

Tax due against estate . . . . . . . . . . . . 75 00

Interest on same six years . . . . . . . . . . . 27 00

Funeral expenses, A. Q. Kenower . . . . . . . 32 00

Interest on the same six years . . . . . . . . . 11 00

Making a total of . . . . . . . . . . . . . . $886 00

All of which payments were made at the instance and request of the administrator of said estate.

Credit by cash . . . . . . . . . . . . . . . $145 00

Leaves balance due . . . . . . . . . . . . . $741 00

And said estate is further indebted in the sum of $58 for corn sheller . . . . . . . . . . . . . . $ 12 00

On horse . . . . . . . . . . . . . . . . . 8 00

On clock . . . . . . . . . . . . . . . . . 5 00

To George Finkenbinder . . . . . . . . . . . 33 00

Total . . . . . . . . . . . . . . . . . . $799 00

" For which claimant asks allowance against said estate, and for her costs, and all proper relief in the premises."

Not being allowed, the claim was transferred to the list of those pending for trial. The case was submitted to a jury, who returned a verdict for the appellee. Motions for a new trial and in arrest of judgment were made and overruled; exceptions were taken, and the correctness of these rulings is questioned by the appellant's assignment of errors.

The formality of pleading required in ordinary cases is not

applicable to claims filed against estates. *Stapp* v. *Messeke*, 94 Ind. 423. The statement of the appellee's claim was sufficient as against an objection not made until after verdict. There was no error in overruling the motion in arrest of judgment.

The first and second causes for a new trial were, that the verdict was not sustained by sufficient evidence, and was contrary to law. The evidence tended to prove the following facts. The decedent at his death was seized of one tract of land containing eighty acres, and of another containing forty acres. For the purpose of paying debts, the former administrator, Stults, sold, under an order of court, two-thirds of the forty acres for $800, and induced the widow to convey to the purchaser for $400 her interest in the same tract, and to let him have her part of the money to pay claims against the estate. He promised her that she should be compensated by having added to her one-third in the eighty acres an interest equivalent to that conveyed by her in the forty acres. This was not done, the administrator subsequently selling the two-thirds of the eighty acres. The evidence also tended to prove that the appellee paid various claims alleged to have been held by certain persons against the estate, but never filed against it.

We think that a widow has such an interest in the settlement of her deceased husband's estate as will, where it is beneficial thereto, enable her to be subrogated to the rights of creditors whose claims have been paid by her, or by her money advanced to the executor or administrator for that purpose. *Livingston* v. *Newkirk*, 3 Johns. Ch. 312; *Mitchell* v. *Mitchell*, 27 Tenn. 358; *Williams* v. *Williams*, 22 Am. Dec. 729; Sheldon Subrogation, section 3. Her right to recover against the estate in such case rests in the doctrine of subrogation, and derives no force from any contract with the executor or administrator. Indeed, the law is quite well settled that while an executor or administrator may incur a personal

obligation, he can not, except as to expenses of administration, bind the estate by his contracts with reference to the payment of claims. *Mills* v. *Kuykendall,* 2 Blackf. 47; *Carter* v. *Thomas,* 3 Ind. 213; *Cornthwaite* v. *First Nat'l Bank,* 57 Ind. 268; *Holderbaugh* v. *Turpin,* 75 Ind. 84 (39 Am. R. 124); *Moody* v. *Shaw,* 85 Ind. 88.

As to claims paid by the widow in such case, we think that to authorize a recovery in her favor against the estate it should appear in evidence that the claims paid were valid demands against the estate. And as to money advanced by her to the executor or administrator to pay debts of the estate, it should appear that the money was actually used for that purpose. The evidence failed to show that the claims paid by the appellee were valid demands against the estate, and also failed to show that the administrator used, in paying claims against the estate, the $400, or any part of it, received from the sale of her interest in the forty acres of land.

It may also be suggested that so far as the dates appear in the evidence, the most, if not all, of the appellee's claim was barred by the six years statute of limitations. It was formerly held that an executor or administrator should specially plead the statute of limitations. *Riser* v. *Snoddy,* 7 Ind. 442. But now he may without plea avail the estate of all defences, except set-off or counter-claim. Section 2324, R. S. 1881, and amendment by section 11, Acts 1883, p. 156.

Other causes for a new trial were assigned, and are discussed in appellant's brief, but as they will not likely arise in another trial their consideration is not important.

Judgment reversed at appellee's costs, with instructions to the court below to sustain the appellant's motion for a new trial.

Filed May 8, 1884.