HACKLEMAN, Administrator, *v.* MILLER and Another.

If a third person be induced to purchase the assignment of a note due from an intestate's estate, by the promise of the administrator that it shall be paid,—the promise is not within the statute of frauds, and the administrator is personally liable to the assignee.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in *October*, 1834, before a justice of the peace. The defence relied on was a certain matter of set-off. The justice gave judgment for the defendants.

In the Circuit Court, the parties filed the following agreed case, on which the defendants obtained a judgment:—

"*James Hackleman*, administrator, v. *Abraham Boys* and *Samuel Miller*. The plaintiff being at the time administrator of the estate of *Joseph Moffitt*, deceased, sold at public auction agreeably to law, in the administration of the estate, goods and chattels which he had inventoried, to *Miller* one of the defendants, to the amount of the note on which the suit is

brought, and for which he executed the note with *Boys* as his surety. The note reads as follows: '$14,94. *Connersville, Ind.,* 12 months after date, for value received, we or either of us promise to pay *James Hackleman,* administrator of the estate of *Joseph Moffitt,* deceased, the sum of 14 dollars and 94 cents. Witness our hands and seals this 12th of *Oct.* 1833. *A. Boys,* (Seal). *Samuel Miller,* (Seal).' The instrument of writing filed as a set-off is in these words: '*Dec.* 16, 1833. This day settled and found the estate of *Joseph Moffitt* due to *Julius Whitemore,* in the sum of 13 dollars and 47 cents, which will be paid as the law directs.—*James Hackleman,* administrator of the estate of *Joseph Moffitt,* deceased.' Which instrument is thus endorsed: '*April* 5, 1834, I the undersigned do hereby transfer my right in the within note to *S. Miller.*—*Julius Whitemore.*' And the same was executed by the plaintiff, as it purports to be, on a settlement of the account between the estate of *Moffitt* and the assignor; and the assignment was before the commencement of this suit. Before *Miller* received the assignment, the plaintiff informed him that it was good, and that he would receive the full face of it in set-off against the note on which this suit is brought, if the assignment were made. The plaintiff acknowledges the receipt of all that the note calls for, before suit brought, with the exception of the amount of the said set-off."

The statement also contains some remarks relative to the probable insolvency of the estate of *Moffitt,* which it is not necessary to notice.

The only question here involved is, whether the promise of the plaintiff to admit the set-off is binding on him, or whether it is void as being within the statute of frauds?

The words of the statute are,—"No action shall be brought whereby to charge any executor or administrator, upon any special promise, to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt, default, or miscarriage of another person, &c., unless the agreement, &c. shall be in writing," &c. Rev. Code, 1831, p. 269 (1). The plaintiff sues in his own right, the words administrator, &c. attached to his name being only matter of description; and the set-off, to be admissible, must be a valid demand against him personally. The objection made by the plaintiff to the validity of his promise to ad-

mit the set-off is, that it goes to charge him personally for a debt of the estate, and ought therefore to have been in writing.

There is some difficulty in coming to a satisfactory opinion on this subject; but we are disposed to believe that the promise is not within the mischief intended to be remedied by the statute. It is settled, "that if *A.* says to *B.*, pay so much money to *C.* and I will repay it to you, it is an original, independent promise; and if the money be paid upon the faith of it, it has always been deemed an obligatory contract, even though it be by parol; because there is an original consideration moving between the immediate parties to the contract." Per *Story,* J., in *Townsley* v. *Sumrall,* 2 Peters, 182.

There can be no doubt but that, under our statute, the writing filed as a set-off is assignable; and we have heretofore decided, that the amount of the note is *prima facie* evidence that that was the sum paid for the assignment. *Youse* v. *M'-Creary, May* term, 1829. It must be taken for granted, therefore, in this case, the contrary not appearing, that the defendant paid *Whitemore* for the assignment, the amount of the instrument assigned; and the record shows, that the assignment was obtained by the defendant, at the instance of the plaintiff, and upon the faith of his express promise that the amount should be allowed to the defendant. The payment, thus made, is a damage to the defendant, and is a valid consideration for the promise in question made by the plaintiff.

The case of *Townsley* v. *Sumrall,* to which we have already referred, so far as respects the present cause, is as follows:— *Townsley* verbally promised *Sumrall,* that, if the latter would obtain from one *Waters* a bill of exchange for a certain sum, to be drawn by *Waters* upon *Townsley* in favour of *Sumrall,* he *Townsley* would accept the bill. *Sumrall,* accordingly, for a valuable consideration, procured such a bill from *Waters,* but *Townsley* then refused to accept it,—having in his hands no funds of the drawer. *Sumrall* then sued *Townsley* on his promise to accept the bill; and the defendant contended that the promise, not being in writing, was void. The Court decided the promise to be valid, and said "that if a person—in consideration that another will purchase a bill already drawn, or to be thereafter drawn, and as an inducement to the purchase—undertake to accept it, and the bill be drawn and pur-

chased upon the credit of such promise, for a sufficient con-
sideration, such promise to accept is binding upon the party;
it is an original promise to the purchaser, and not merely a
promise for the debt of another."

This case of *Townsley* v. *Sumrall* is, in principle, similar to
the one before us.

*Per Curiam.*—The judgment is affirmed with costs *de bonis
propriis.*  To be certified, &c.

*O. H. Smith,* for the plaintiff.

*J. Perry* and *S. W. Parker,* for the defendant.

(1) Accord. Rev. Stat. 1838, p. 311.