Loudon and Others *v.* Robertson and Others.

LOUDON
*v.*
ROBERTSON.

Debt on a writing obligatory for the payment of money. Plea as to part, &c., that the obligation was given for certain real estate of a decedent, sold to the defendant by the plaintiffs as commissioners under an order of the Probate Court; that, at the time of the sale, there was a judgment, &c. against one of the heirs of the decedent, whose share of the estate was afterwards sold under an execution on the judgment; and that the plaintiffs, at the time of their sale to the defendant, fraudulently concealed the judgment, &c. *Held*, that the plea was bad.

Wednesday,
*May* 27.

ERROR to the *Shelby* Circuit Court. The defendants in error were the plaintiffs in the Circuit Court.

SULLIVAN, J.—Debt on a writing obligatory. The defendants pleaded two pleas. 1. Payment. 2. *Actio non* as to 169 dollars and .28 cents, part of the debt demanded, because the writing obligatory in the declaration mentioned, was given in consideration of the purchase of a tract of land lying in *Shelby* county, which was sold by the plaintiffs as commissioners appointed by the Probate Court of said county to sell the real estate of one *George Titus*, deceased; that, at the time of the sale, there were seven heirs of the said *George* him surviving, of whom *James Titus* was one; that at the *March* term, 1834, of the *Shelby* Circuit Court, a judgment had been rendered against said *James Titus* in favour of *Griffin & Luckey* for the sum of 269 dollars and 20 cents, and that after the sale of said land to the defendants by the plaintiffs, execution was issued on said judgment, and by virtue thereof one-seventh part of the land so sold to the defendants by the plaintiffs, was levied upon and sold as the property of *James Titus* to satisfy said judgment, by means whereof the defendants were deprived of the one-seventh part of their purchase, &c.; that at the time of the sale of said land by plaintiffs to defendants, they, the plaintiffs, fraudulently concealed said judgment from the defendants; wherefore, &c. Replication to the first plea and issue. General demurrer to the second plea. Demurrer sustained. Verdict and judgment for the plaintiffs on the first plea.

The only question is as to the sufficiency of the second plea.

It is the duty of a purchaser of real estate to search for incumbrances. The vendor is not bound to communicate to

a purchaser patent defects, though he may not industriously conceal them. If the defects be such as may be discovered by a vigilant man, the purchaser must exercise that vigilance or suffer for his folly. But if there be a latent defect in the estate, or an incumbrance which the purchaser cannot discover by the exercise of any vigilance whatever, the vendor is bound to disclose it. Sugd. Vend. 2, 5, 302.

A judgment of the Circuit Court is by statute made a lien upon the real estate of the person against whom it is rendered, and the clerk of each Court is required to keep a book in which he shall record all judgments that may be rendered in the Court of which he is clerk, which shall be open to the inspection of all persons at reasonable times. Act for the Prevention of Frauds and Perjuries, sec. 22, 23. The statute seems, in this particular, to have been passed expressly to protect purchasers, and to assist them in making the search which it is by law their duty to make. The exercise of a proper precaution by the purchasers in this case, would at once have acquainted them with the incumbrance of which they now complain.

The plaintiffs, in the sale of the land, acted in a fiduciary character. They were appointed to sell the real estate of *George Titus*, deceased, whatever it might be. Whether that estate was incumbered or unincumbered, it was their duty to sell it; and if authorized to convey, they could only convey his right. Until the contrary is shown, we will presume they did nothing more, and that the purchasers, understanding the powers of the commissioners, purchased it as it was sold. It may be that the plaintiffs themselves had no knowledge of the judgment against *James Titus*. The plea alleges, to be sure, that the plaintiffs fraudulently concealed from the purchasers the judgment against *James Titus*, but this general averment amounts to nothing. It is manifest they could not conceal from them a matter of record equally open to the inspection of both. The plea should have shown how, and in what manner, the purchasers were deceived by the plaintiffs. If they fraudulently represented to them that the judgment against *James Titus* had been satisfied, or promised that they would satisfy it out of the purchase-money, and had thereby induced them to purchase

May Term, 1840.

the land, and give more for it than they would otherwise have done, the sufficiency of the plea would have been less doubtful.

- The defendants do not deny but that they knew of the judgment against *James Titus.* At all events, whether they did or not, if the clerk did his duty, as we are bound to presume he did, they are to be viewed as purchasers with full notice. *Bogart* v. *Perry,* 1 Johns. C. R. 55.—*Shotwell* v. *Murray,* ib. 512.

*Per Curiam.*— The judgment is affirmed, with 1 *per cent.* damages and costs.

*P. Sweetser,* for the plaintiffs.

*C. Fletcher* and *O. Butler,* for the defendants.