KRUTZ ET AL. *v.* STEWART.

STATUTE OF FRAUDS.—*Contract.*—*Pleading.*—A verbal promise, by the payee to the maker of a promissory note, that if the latter will forbear, for a reasonable time, to issue execution upon a judgment in his favor and against a third person, then he, such payee, will then pay such judgment by giving to said maker a credit for the amount thereof upon such promissory note, is within the statute of frauds and void; and, in a suit upon such note against said maker, a paragraph of answer setting up such agreement as a defence is bad on demurrer.

SAME.—*Contract.*—*Consideration.*—A verbal agreement, made upon a valuable consideration, may nevertheless be void by the statute of frauds, because it is not in writing.

PLEADING.—*Contract.*—*Presumption.*—A promise set up in a pleading, without an averment therein that it is in writing and without any copy of such promise attached thereto, is presumed to have been made by parol.

From the Switzerland Circuit Court.

*S. Carter* and *W. R. Johnson,* for appellants.

*J. A. Works* and *J. D. Works*, for appellee.

WORDEN, C. J.—Action by the appellee against the appellants, upon certain promissory notes executed by the defendants to the plaintiff.    Judgment for the plaintiff.

The court below sustained a demurrer for · want of sufficient facts to the second paragraph of the defendants' answer, and this ruling is the only one supposed to have been erroneous.

The paragraph of answer is as follows, viz.:

"And the defendants for further answer say, as to the sum of one hundred and forty-six dollars and fifty-five cents, parcel of the amount sued for in this action, that on the 13th day of November, 1871, they recovered in their firm name a judgment against Stephen Stewart, son of the plaintiff, for one hundred and twenty-six dollars and fifty cents, and costs of suit taxed at one dollar and seventy-five cents, in all the sum of one hundred and twenty-eight dollars and twenty-five cents, before one Edrington, a justice of the peace of Switzerland county, Indiana.    That after the recovery of said judgment, and before the time for the stay of execution had expired, to wit, on the 20th day of November, 1871, in considera-tion that [such] justice, at the special instance and request of the plaintiff, would forbear and not issue execution on said judgment, that he, the plaintiff, would stay the exe-cution on said judgment by becoming replevin bail thereon the next time that he, the plaintiff, came to Florence, in said county, where the office of said justice was, which would be in a few days; and the defendants aver that said justice, at the special instance and request of the plaintiff, did forbear to issue execution on said judgment until after the next time plaintiff came to Florence, and until after the time for staying said execu-tion had expired, and until the present time; and the defendants aver that said plaintiff failed and neglected to stay said execution by signing an agreement to become replevin bail thereon; that after the time allowed by law

for the stay of execution on said judgment had expired, to-wit, on the —— day of November, 1872, in consideration that the defendants, at the special instance and request of the plaintiff, would not issue execution on said judgment against the said Stephen Stewart, and would forbear to proceed on said judgment for a reasonable time, until the defendants paid the notes sued on in this action, the plaintiff undertook and promised the defendants, that he would pay the amount of said judgment to the defendants, principal and costs, together with ten per cent. interest thereon from the date of the said judgment until the payment of the notes sued on in this action, by crediting the said notes with the amount of said judgment and costs, together with interest thereon at the rate aforesaid; and the defendants aver that, confiding in the promise and undertaking of the plaintiff, they did forbear to issue execution on said judgment, and [did] give time of payment of the same from said day until the present time, and that the plaintiff, although requested so to do, has wholly failed and refused to give defendants credit on said notes, with the amount of said judgment and costs, together with ten per cent. interest thereon from the date of said judgment, amounting in all to the sum of one hundred and forty-six dollars and fifty-five cents, upon being paid the balance due upon said notes after deducting other amounts paid thereon, and that the defendants now are willing, and always have been ready and willing, to satisfy and discharge said judgment, and now offer to discharge the same, or to transfer it to the plaintiff. Wherefore the defendants ask to have the amount of said judgment and costs, with interest thereon, amounting to said sum, set off against any amount that may be due plaintiff on said notes sued on, and for other proper relief."

The substance of the case made by the paragraph of the answer is, that the plaintiff agreed, in consideration that the defendants would forbear to issue execution on

the judgment against Stephen Stewart, and would give a reasonable time as stated, that he, the plaintiff, would pay the same to defendants by crediting the amount thereof on the notes sued upon.

This, it seems to us, was a promise to answer for the debt of another, and within the statute of frauds. The promise must be presumed to have been by parol, as, if in writing, a copy would be required to be set out. The appellants' counsel have cited authorities to show that the consideration alleged was sufficient to support the promise. This may be conceded. A promise without any consideration to support it would be *nudum pactum*, and void at common law, without any reference to the statute of frauds. And since the statute, promises may be made upon sufficient considerations to support them, which will still be void, not being in writing as required by the statute. Thus, in *Berkshire* v. *Young*, 45 Ind. 461, it was said, " In fact, the averment in the complaint shows that it was nothing more than an unwritten promise to pay the debt of another, for a valuable consideration. To hold such a promise binding would practically nullify the statute. Its purpose would be utterly defeated, and the binding force of contracts would depend upon the question of whether they were founded upon a valuable consideration, and not whether they were in writing and signed as the statute requires."

The question upon which the case must turn is, whether the contract or agreement, set up in the paragraph, put an end to the judgment against Stephen Stewart; or, whether that was left in force, and Stephen's liability thereon to the defendants continued. If the judgment was merged into the new agreement, and Stephen discharged from his liability thereon, then the promise of the plaintiff to pay it must be regarded as an original promise, and not within the statute of frauds. In such case, the debt ceased to be the debt of Stephen, and became the sole debt of the plaintiff, who thus promised

to pay it. On the other hand, if Stephen still continued liable to the defendants on the judgment, the plaintiff's promise to pay it was collateral and within the statute. If Stephen's liability continued, the plaintiff did not make the debt his own, and his promise was to answer for the debt of another. *Crosby* v. *Jeroloman*, 37 Ind. 264.

There is nothing in the pleading which shows that Stephen Stewart was discharged from his liability on the judgment. His liability continued, for aught that appears, notwithstanding the plaintiff's promise to pay the judgment. And we think it clear, that if the plaintiff had paid the judgment to the defendants, by crediting the amount of it upon the notes, as stipulated for, that would have discharged Stephen from his obligation on the judgment to the defendants. See 3 Parsons Con. 21, 22, 23.

The court, in our opinion, committed no error in sustaining the demurrer to the paragraph of answer.

The judgment below is affirmed, with costs.