No. 7741.

## HOLDERBAUGH *v.* TURPIN.

**DECEDENTS' ESTATES.**—*Contract.*—*Administrator.*—*Pleading.*—*Demurrer.*—Where a complaint alleges that an administrator contracted in his individual capacity, it will be held, upon demurrer, that the contract binds him individually, although it appears that the subject-matter of the contract grew out of matters connected with the estate represented by him.

**SAME.**—*Consideration Accruing After Death of Intestate.*—Where an administrator enters into a contract upon a consideration accruing subsequent to the death of his intestate, it is deemed his individual contract.

**SAME.**—*Statute of Frauds.*—A contract by an administrator, founded upon a consideration accruing after the death of his intestate, is not within the statute of frauds, although it may relate to, and be connected with, matters growing out of the administration of the estate.

**STATUTE OF FRAUDS.**—The mere passing of a new and independent consideration, from the promisee to the promisor, does not take the case out of the operation of the statute of frauds.

**PRACTICE.**—*Objection to Evidence.*—*Appeal.*—Where parol evidence is admitted on the trial, and no objection is there made, the question of its competency can not be presented on appeal.

**SAME.**—*Demand.*—*Breach of Contract.*—No demand is necessary where there is a complete breach of a promise to pay money, for the defendant is in default without a request.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree*, for appellant.
*R. M. J. Miller*, for appellee.

ELLIOTT, J.—The appellant assigns as errors in this cause: "1st. The overruling of his demurrer to plaintiff's complaint; 2d. The overruling of his motion for a new trial."

The material allegations of the complaint, briefly stated, are, that the appellant, as administrator of the estate of Eliza Slaven, deceased, brought an action in the Gibson Circuit Court against the appellee, and that, while such action was pending, the parties agreed to submit the matters in controversy to three disinterested persons for decision and arbitration, and to continue the cause until the next term of court; that, if the award should be satisfactory to both parties, then

each should pay one-half the costs, and the action should be dismissed; but, if the award should not be satisfactory to both parties, then the party refusing to accept the award should pay the entire costs of the action up to that date; that the matters in controversy were submitted to the arbitrators, who made an award, which the appellant refused to accept; that the appellant afterwards prosecuted the action to final hearing, and obtained judgment against the appellee for all the costs of the action; that the appellee has paid the costs, and that he has demanded repayment thereof from appellant, who refused to pay the same.

Appellant insists that the complaint is bad on demurrer for want of sufficient facts, because "it does not show that the appellant agreed to pay any costs out of his individual funds," and because the agreement, not being in writing, is within the statute of frauds.

The allegations of the complaint show a promise by the appellant. The demurrer confesses that the appellant made the promise sued upon; he is, therefore, not now in a situation to successfully assert that the promise was made by him as administrator, and that he is liable only in his representative capacity. The mere fact that the matters submitted to arbitration grew out of an action prosecuted by the appellant as administrator, does not warrant the inference, as against the positive allegations of the complaint, that he bound himself only in the capacity of administrator. *Long v. Rodman,* 58 Ind. 58.

The appellant builds an elaborate argument upon the proposition that the contract sued on is within the statute of frauds. The promise, however, is declared upon as the original undertaking of the party against whom the action is prosecuted. The consideration for the appellant's promise was the agreement to submit the matters in controversy to arbitration, and this was a new consideration, altogether different and distinct from the liability of the estate which he

represented.   There was not merely a new and distinct con-
sideration for the contract, but the contract is different and
disconnected from any undertaking of the decedent, as well
as from any liability of his estate.   In *Hackleman* v. *Miller*,
4 Blackf. 322, it was held that, if a third person be induced
to buy the note of a deceased person, by the promise of the
administrator that it shall be paid, the promise is not within
the statute of frauds, and within that ruling this case clearly
falls.   We do not, however, place our decision upon the
ground that there was a valuable consideration for appel-
lant's promise, but upon the ground that it was an inde-
pendent and original contract.   It is well settled that the
statute does not apply to such contracts.   *Anderson* v.
*Spence*, 72 Ind. 315.   When the contract was made, the estate
represented by appellant was not liable for costs, and there
was then no debt existing.   Whether there was any subse-
quent default depended entirely upon the appellant himself.
It was in his own power, at the time he made the contract,
to create or prevent a default.   The only default for which
his contract made him liable was his own.   He did not under-
take to answer for the default of anybody else.   If he had
kept his promise, and abided the decision of the arbitrators
agreed upon, there could have been no default for which he
would have been answerable.   The default which creates a
liability against him in this action is his own.   He agreed to
abide by the decision of the arbitrators or pay the costs.   He
broke his contract, and it is this breach which constitutes the
default for which this action seeks to make him answerable.

Appellant has pressed upon our consideration the cases of
*Crosby* v. *Jeroloman*, 37 Ind. 264, and *Krutz* v. *Stewart*, 54
Ind. 178, and urges that the doctrine which they declare
can not be reconciled with the reasoning in *Hackleman* v.
*Miller*.   Counsel are right in asserting that the mere fact
that there is a valuable consideration for the new promise is
not sufficient to take the case out of the statute.   We under-

stand the doctrine, now generally recognized as correct, to be, that the mere passing of a new and independent consideration from the promisee to the promisor does not take the case out of the operation of the statute of frauds. *Berkshire* v. *Young*, 45 Ind. 461 ; *Crosby* v. *Jeroloman, supra; Krutz* v. *Stewart, supra; Hayes* v. *Burkam*, 51 Ind. 130 ; *Irwin* v. *Hubbard*, 49 Ind. 350 ; *Maule* v. *Bucknell*, 50 Pa. St. 39 ; *Chandler* v. *Davidson*, 6 Blackf. 367 ; *Kelsey* v. *Hibbs*, 13 Ohio St. 340 ; *Fullam* v. *Adams*, 37 Vt. 391. But we do not think that either the present case, or that of *Hackleman* v. *Miller*, rests entirely upon the ground that there was a new and valuable consideration for the promise relied upon as taking the case out of the statute. Of course, the fact that there was a new consideration is an important element, but it is not the controlling one.

It must be kept in mind that the subject-matter of the contract declared upon grows out of transactions which occurred after the decedent's death. The administrator's promise was not to pay some liability his decedent had incurred, nor to fulfil some engagement he had undertaken in his lifetime. In *Mills* v. *Kuykendall*, 2 Blackf. 47, it was said : "The whole case shows, that the object of the plaintiff was to charge the estate of the deceased, by obtaining a judgment against the administrators *de bonis intestati*. The promise of administrators, on a consideration originating subsequently to their intestate's death, can not sustain such an action." *Carter* v. *Thomas*, 3 Ind. 213 ; *Cornthwaite* v. *The First National Bank, etc.*, 57 Ind. 268. The undertaking of appellant was upon a consideration which accrued subsequent to the death of the intestate, and was to do a thing which the intestate's estate was not bound to do. It is impossible, in view of the authorities cited and the character of the undertaking itself, to regard it otherwise than as the promisor's original contract.

In discussing the questions presented by the motion for a

new trial, counsel again insist that the evidence shows a contract within the statute of frauds, but what we have already said upon that subject disposes of the question, as well upon the evidence as upon the complaint.

It is urged that the evidence does not show that the appellant undertook otherwise than as administrator. It is conclusively shown that the consideration upon which he promised accrued subsequently to the death of his intestate, and the contract was therefore his individual one, to be enforced by a judgment *de bonis propriis.*

Counsel make a point upon the omission of the appellee to prove certain matters by the record. Parol evidence was suffered to be given without objection, and the appellant's complaint is entirely too late to be of avail. Such questions, as the one immediately under mention, must be made by proper objection in the trial court, reserved by exception, and presented in the motion for a new trial, or they can receive no consideration on appeal.

Lastly, counsel argue that no demand was proved. None was necessary. The appellant had agreed to pay the costs which appellee was compelled to pay, and there was a complete breach of his contract. A demand was not necessary to put the appellant in default; the breach of the contract did that.

Judgment affirmed.