No. 10,346.

## RILEY ET AL. *v.* KEPLER.

PROMISSORY NOTE.—*Administrator's Fraud in Selling Land.*—Fraudulent representations by an administrator, that the land was free from encumbrance and the title perfect, made by him at a sale of his decedent's land to pay debts, are no defence to an action upon a promissory note executed for unpaid purchase-money of said land.

SAME.—*Tax Sale.*—*Pleading.*—A pleading setting up a sale for taxes as the basis of a title or encumbrance, but not alleging facts showing the taxes to have been a valid lien, is insufficient.

SAME.—*Mortgage.*—A pleading alleging, as a defence, an adverse outstanding recorded mortgage, but showing neither that the mortgage is unpaid, nor that the defendant's possession has been disturbed, is bad.

From the Hancock Circuit Court.

*R. A. Riley* and *R. A. Black,* for appellants.

*C. G. Offutt* and *G. Barnett,* for appellee.

FRANKLIN, C.—Appellee, Kepler, as assignee of one Ryan, administrator of the estate of Joseph Williams, deceased, brought this suit against appellants on two promissory notes for $100 each, bearing date July 19th, 1879, executed by appellant Martha C. Riley and one W. J. Lukins.

The notes were executed to the administrator for the purchase of real estate sold by him as such to pay the debts of said estate, the widow of Williams uniting in the sale, and were payable in twelve and eighteen months after date. The purchase was for $300—$100 of which was paid at time of purchase, and $75 more had been paid upon the first note due.

Issues were made, a trial had before the court, which resulted in a finding and judgment for the appellee for the balance on the notes, interest and attorney fees.

Various errors have been assigned in this court. Appellants, in their brief, have presented and discussed but one of the specifications of errors; the others are considered as waived.

The specification of error insisted upon is the sustaining of appellee's demurrer to the second paragraph of appellant Martha's answer.

This paragraph of answer substantially states that the notes were executed for the balance of the purchase-money for the real estate, and then proceeds to aver that said Ryan, " when said property was offered for sale, just before and at the time the auctioneer commenced and was crying the sale of said property, gave assurance and guaranties to this defendant that the title to said property was perfect, and that it was free and clear from any and all liens and encumbrances," and that they had full right, authority and power to convey the same free and clear of all encumbrances, and would do so to the purchaser thereof; that the defendant relied upon said assurances and guaranty; that the defendant then had no opportunity to examine the title to said real estate, and bid the same off at the sum of $300; that she complied with the terms of the sale by paying $100 at the time, and executing the notes in suit for the balance of the purchase-money, and has since paid $75 on the first note due; that Lukins signed the notes as her surety; that said Ryan, as such administrator, and said widow did not execute to her a warranty deed for said real estate, but a deed without covenants of warranty; that the title to said real estate was not then clear, perfect and unencumbered, and that they had no right or authority to so convey the same; that said real estate was then encumbered with a tax lien for delinquent taxes for the years 1878 and 1879, and the same had been then sold for taxes, for $18, to one Peter Kepler Boyd; that there was then a mortgage on said real estate, dated March 16th, 1866, to secure the payment of a note for $300; that the same was duly recorded March 17th, 1876, and remains of record unpaid, uncancelled and unsatisfied; that said mortgage is a prior lien, and for a larger sum than the amount remaining due on said notes sued on; that about the 18th day of October, 1879, said administrator and said widow delivered said deed to her, which is made a part of the paragraph of answer; that relying upon the promises, assurances and guaranty that they would make a clear warranty deed to her, she took the same at their word,

without examining it, and placed it on record; that at the time she purchased said land and accepted said deed, she had no notice, knowledge, information or belief but that said title was clear and unencumbered, and that said deed was a proper warranty deed; that she did not discover until long after she had paid the first instalment and $75 on one of said notes, to wit, for more than a year after said sale to her, the existence of said liens; that after she so discovered the same, she notified plaintiff and his said assignor to release and satisfy the liens, and that they utterly failed and refused to remove said liens and encumbrances; that all the facts and averments herein stated were fully known by the plaintiff before the assignment of said notes to him. Wherefore the consideration of said notes in manner and form aforesaid has wholly failed, and the defendant demands judgment, and all other proper relief.

Appellants' counsel, in their argument, treat this paragraph of answer as one of fraud instead of failure of consideration. It is doubtful whether sufficient facts are alleged to constitute fraud.

There is no allegation that any delinquent taxes were actually due on the land. The mere allegation that the land was sold for taxes is not sufficient; the facts showing a valid lien upon the land for taxes should be averred. And the averment that the mortgage was duly recorded and remained of record unpaid, uncancelled and unsatisfied, does not necessarily imply that there was anything remaining yet due upon the mortgage. It may have been fully paid without the record showing the payment; and in that case would be no lien upon the land. There is no averment of any damage on account of the alleged fraud; she does not show that she has been disturbed in the possession of her premises, has paid anything on account of encumbrances, or that any attempt has been made to enforce any encumbrance; without showing an injury there can be no available fraud. But if the paragraph was properly constructed as a plea of fraud, it could not be a good defence in this action.

The notes sued on were executed to the administrator in his fiduciary capacity for property belonging to the estate. The administrator, as such, could not commit a tort in the sale of the property. If he made false representations in the sale, that was his individual tort, for which he alone could be held individually liable. *Rodman* v. *Rodman*, 54 Ind. 444; *Hankins* v. *Kimball*, 57 Ind. 42; *Rose* v. *Cash*, 58 Ind. 278. The administrator's individual tort could no more be pleaded as a defence to the notes than could an individual claim against the administrator be pleaded as an offset to the notes; and not being admissible against the administrator, it could not be against the assignee.

There is no error in sustaining the demurrer to this paragraph of the answer. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

