## BEESON v. PIERCE, EXECUTOR.

[No. 7,589. Filed May 17, 1912. Petition for rehearing withdrawn October 8, 1912.]

1. FRAUDS, STATUTE OF.—*Judicial Sales.*—Judicial sales made under the supervision of a court are not within the statute of frauds, and are binding on the purchaser without any written contract or memorandum of sale. p. 204.

2. EXECUTORS AND ADMINISTRATORS.—*Representative Capacity.*— *Sales of Real Estate.*—An executor or administrator, in selling the lands of his decedent pursuant to an order of court, acts simply in a representative capacity. p. 204.

3. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate.*—*Confirmation of Sale.*—Under §2874 Burns 1908, §2357 R. S. 1881, requiring an executor or an administrator to report the sale of his decedent's real estate to the court granting the order of sale, such sale is not fully consummated until ratified by the court. p. 204.

4. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate.*—*Estate Conveyed.*—*Warranties and Representations.*—*Liability.*—*Notice of Limited Powers.*—Persons purchasing lands sold by one in his capacity of executor or administrator, are chargeable with notice that he can sell no greater interest in lands offered than the deceased person actually possessed, so that no warranty or representation as to title made by such executor or administrator, is binding on the estate, unless the same was authorized by the will or by the order of court under which the sale proceeds. p. 204.

5. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate.*—*Misrepresentations as to Title.*—*Liability.*—The fraudulent representations made by an executor or administrator in connection with sale of his decedent's real estate, are his individual torts, for which he alone is liable in his individual capacity. p. 205.

6. TRIAL.—*Findings.*—*Effect.*—Where defendant sought to avoid a sale of real estate made to him by an executor on the ground of fraudulent representations as to title made by such executor, the failure of the court's findings to include a finding as to whether any warranties or representations were made by such executor, was in effect a finding that such were not made. p. 206.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Harvey E. Pierce, as executor of the last will of Milton Allen, deceased, against Ed Beeson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Barnard & Jeffrey,* for appellant.
*Forkner & Forkner,* for appellee.

IBACH, P. J.—Appellee, as executor of the last will of Milton Allen, deceased, instituted this action to enforce a contract of sale of decedent's lands, made in his character of executor with appellant, and to recover the balance of the purchase money.

The material allegations of the complaint are made to appear from the finding of facts made by the court at the request of both parties. The substance of these findings is that Milton Allen, of Henry county, Indiana, died thereat testate on May 20, 1909, the owner of certain described real estate in Wayne county, Indiana; that after his death his last will and testament was duly proved, established and admitted to record in Henry county, by order of the Henry Circuit Court, and the same remains in full force and uncontested; that after the proof and establishment of said will Harvey E. Pierce, who was named therein as executor, was appointed by the court, and duly qualified; that by the terms of the will the executor was authorized and directed to sell said real estate for the purpose of paying certain legacies; that said executor filed a petition praying an order of court to sell such lands; that such lands were appraised at $900, and the court directed the executor to sell them at public sale on June 19, 1909; that pursuant to said order of sale the executor advertised and gave notice of the time and place of the sale, as required by said order, and on said day offered said real estate for sale at public outcry, and defendant bid therefor the sum of $1,072.50, and the same was struck off and sold to him, he being the highest bidder, and at the time, under the terms of the sale, and as a part of the consideration for the same, defendant paid to said executor

the sum of $100, and took possession of said real estate, and made some changes and improvements thereon and placed some property in the buildings, which yet remains therein; that after the sale the executor filed in said court his verified report of the same, which report was afterwards submitted to the court and confirmed by it, and the executor was ordered to execute and deliver to the purchaser a deed of conveyance conveying to him said real estate on the payment of the balance of the purchase money, said sale being made for cash; that on July 31, 1909, the executor prepared a deed in the statutory form, and duly signed and acknowledged the same, and tendered it to defendant, and demanded payment of the balance of the purchase money, which defendant failed and refused to pay, and plaintiff has brought said deed into court and filed it for the use of defendant; that by reason of the facts aforesaid the defendant became and is indebted to plaintiff in the sum of $972.50, which is a lien on said property as purchase money therefor. And the court further finds that plaintiff is entitled to recover in this case the sum of $972.50, and to have the same decreed a lien on said property, as and for the purchase money. The conclusion of law was stated in favor of plaintiff, in accordance with the finding of facts.

Appellant filed an answer in two paragraphs, also a cross-complaint, in which affirmative relief is asked, for the reason that appellee by fraud and misrepresentation of facts had induced appellant to purchase the land in question, and therefore he should be relieved from his contract in relation thereto. The cause was tried by the court, without a jury, who found the facts as above, and judgment was entered accordingly.

No question has been raised by appellant as to the authority of appellee to prosecute an equitable action for a specific performance of this contract. We are therefore not called on to determine this question, and do not do so. The only errors assigned which are argued are the following pre-

sented by the motion for a new trial, viz., that the decision of the court is contrary to law and is not sustained by sufficient evidence, and that the finding of the court is not sustained by sufficient evidence.

Judicial sales made by and under the supervision of a court are not within the statute of frauds, and are binding on the purchaser without any written contract or

1. memorandum of sale, it being the confirmation of the sale by the court which takes it out of the statute. 29 Am. and Eng. Ency. Law (2d ed.) 888; Browne, Stat. of Frauds §265.

The theory on which the answer and cross-complaint were drawn, and on which the cause was tried, was that there could be no recovery if it was made to appear that the title to the land of decedent was in any manner defective, or if there were any representations made or guaranties given by the executor to induce the sale. These points are insisted on by appellant in his brief.

No legal doctrine is more firmly established than

2. this: that when an administrator or executor is engaged in the sale of the lands of his decedent under an order previously obtained, he acts simply in a rep-

3. resentative and not in an individual capacity. Under the provisions of our code, such sales are under the complete guidance and supervision of the court granting the order to sell, and they are not fully consummated until ratified by the court. §2874 Burns 1908, §2357 R. S. 1881.

Also in the making of the sale such executor or ad-

4. ministrator undertakes to sell *only* the estate which such decedent owned at the time of his death; he can sell no greater interest in the lands offered than the deceased person actually possessed. So that a person is chargeable with notice of the limited power and authority of an executor or administrator while engaged in the sale of lands in such capacity. And if he buys he does so at his own risk, and no warranty or representation as to title made by the

executor can bind the estate, however positive such promise or warranty may be, unless he is specifically authorized by the will itself, or by the order of the court under which the sale proceeds, to make such warranty, so that as between the purchaser and the estate, the rule of *caveat emptor* is strictly applied. *Loudon* v. *Robertson* (1840), 5 Blackf. 276; *Hoffman* v. *Hendry* (1893), 9 Ind. App. 324, 36 N. E. 727, 53 Am. St. 351; *Moody* v. *Shaw* (1882), 85 Ind. 88; *Riley* v. *Kepler* (1883), 94 Ind. 308.

In the early case of *Loudon* v. *Robertson, supra,* in which was involved the sale of lands of the decedent by commissioners appointed for that purpose, the court said: "It is the duty of a purchaser of real estate to search for incumbrances. The vendor is not bound to communicate to a purchaser patent defects, though he may not industriously conceal them. If the defects be such as may be discovered by a vigilant man, the purchaser must exercise that vigilance or suffer for his folly. * * * They were appointed to sell the real estate of George Titus, deceased, whatever it might be. Whether that estate was incumbered or unincumbered, it was their duty to sell it; and if authorized to convey, they could only convey his right." This doctrine has been repeated many times in more recent cases. Again, in the case of *Burns* v. *Galvin* (1889), 118 Ind. 320, 20 N. E. 799, the court said: "A purchaser of real estate who takes a conveyance from an assignee, is in the same position, in respect to liens and incumbrances existing thereon, as is one who purchases * * * at a sale made by an executor or administrator. Unless otherwise ordered by the court, he takes the land subject to all prior incumbrances."

In the case of *Riley* v. *Kepler, supra,* this language is used by the court: "If he [the administrator] made false representations in the sale, that was his individual tort, for which he alone could be held individually liable."

So in the case at bar, even if the executor had been guilty of fraudulent representations as to the title of dece-

dent to a part of the land sold, he alone was individually liable, and in no sense could the estate be held answerable. An executor can not commit a tort as such. "If he commits a tort he commits it as an individual, and is liable as an individual." *Mills* v. *Kuykendall* (1827), 2 Blackf. 47; *Holderbaugh* v. *Turpin* (1881), 75 Ind. 84, 39 Am. Rep. 124.

An examination of the findings made in the trial court shows, however, that these material questions involved in this appeal have been determined against appellant. The court finds that decedent died "the owner and in possession" of the land in suit, and so far as the making of any warranties or representations of title are concerned, on the part of the executor, the court fails to find that any such were made, and this was, in effect, a finding against appellant, the burden being on him to prove this defense. There is some evidence tending to support the several findings of the court, and its conclusions of law were properly stated.

Judgment affirmed.

Note.—Reported in 98 N. E. 380. See, also, under (1) 20 Cyc. 236; (3) 18 Cyc. 787; (4) 18 Cyc. 827, 837; (5) 18 Cyc. 828. As to whether executors' or administrators' sales are within the statute of frauds, see note to McCoy v. McCoy (Ind.) 102 Am. St. 243. As to the liability of a public officer for false representations in effecting a sale, see 18 Am. St. 562. As to the bearing of *caveat emptor* on judicial sales, see 135 Am. St. 917. For a discussion of judicial sales as affected by the statute of frauds, see 7 Ann. Cas. 1071.