## CHANEY, ADMINISTRATOR, v. WOOD.

[No. 9,712.   Filed March 7, 1917.]

1. EXECUTORS AND ADMINISTRATORS.—*Sales of Realty.—Report.— Petition by Purchaser for Disapproval.—Sufficiency.*—Where an administrator filed a report of a sale of real estate, a petition by the purchaser seeking a disapproval of the report, a cancellation of the contract of sale and a return of money paid on the purchase price is not demurrable on the ground that a recovery of the money paid could only be obtained by filing a claim against the decedent's estate as provided by §2828 Burns 1914, Acts 1883 p. 153, as the principal object of the petition was to have the contract cancelled and the report disapproved, the recovery of the money paid being only an incident to the proceedings.   p. 691.

2. EXECUTORS AND ADMINISTRATORS.—*Sales of Realty.—Report.— Petition by Purchaser for Disapproval.—Sufficiency.*—On a report of a sale of realty by an administrator, a petition by the purchaser to have the report disapproved and the contract cancelled because of false representations concerning the land is not insufficient because it did not show that the alleged false warranties or promises arose prior to the death of the decedent where the petitioner specifically based his right of action on facts occurring subsequent thereto.   p. 692.

3. EXECUTORS AND ADMINISTRATORS.—*Sales of Realty.—False Warranties by Administrator.—Liability of Estate.—Recovery of Purchase Price.*—While it is generally true that an estate will not be rendered liable for any damages resulting from any false statements, representations or warranties made by the administrator,

the rule does not apply to an action against an estate wherein it is sought, merely as an incident to the principal purpose of the proceeding, to recover money paid on a contract to purchase a decedent's land by one who was induced to purchase by the fraudulent representations made by the administrator concerning the realty. p. 692.

4. EXECUTORS AND ADMINISTRATORS.—*Sales of Realty.—Fraud.*— False representations knowingly made by an administrator to a buyer of real estate that only one boulder other than one in sight was on the farm, whereas there were twelve acres upon which there actually were thousands of boulders of various sizes which were concealed by growing crops, thereby preventing personal inspection, are sufficient, when relied on by the purchaser, to constitute actionable fraud and to authorize a cancellation of the contract for the sale of the land and a return of money paid thereunder. p. 693.

5. APPEAL.—*Review.—Findings.—Evidence.—Sufficiency.*—Where, in an action against an estate to cancel a contract of sale of realty for fraud, the evidence was conflicting as to the alleged fraudulent representations by the administrator, the finding of the trial court will not be disturbed on appeal for insufficiency of the evidence. p. 693.

6 APPEAL.—*Briefs.—Specification of Errors.—Exceptions in Trial Court.*—Alleged error in the admission of evidence will not be reviewed on appeal where appellant's brief fails to show what specific objections, if any, were made, or that any exceptions were reserved to the rulings of the court. p. 694.

7. APPEAL.—*Briefs.—Specification of Errors.—Exceptions in Trial Court.*—No question is presented for review on appeal as to alleged error in excluding evidence and refusing to strike out an answer of a witness where appellant's brief does not show that any exceptions were reserved to the ruling of the court. p. 694.

8. APPEALS.—*Briefs.—Requirements.—Rules of Court.*—The rules of the Appellate Court require that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the brief without looking to the record, and only to the extent the rules have been complied with will the errors assigned be determined, and the others will be considered waived. p. 694.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Walter C. Wood against Elias A. D. Chaney, administrator of the estate of Martha E. Bell, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John Q. Cline* and *Claude Cline,* for appellant.
*W. A. Branyan* and *Wilbur E. Branyan,* for appellee.

BATMAN, J.—The record in this case shows that appellant filed his petition in the court below, and obtained an order for the private sale of certain real estate to make assets for the payment of the debts of his decedent. After certain negotiations, he entered into a contract for the sale of the real estate to the appellee and, on July 8, 1916, issued to him a certificate evidencing the same. Subsequently some difference arose between appellant and appellee with reference to the presence of certain boulders on the real estate and the representations of appellant concerning the same during the negotiations leading up to such contract. The appellant filed a petition and procured an order to expend not to exceed $100 in the removal of such stone, and afterwards filed his report of the sale, setting forth his version of the controversy with reference to such stone, asking that such sale be approved, his acts confirmed, and that he be authorized to take such steps as might be necessary to compel a performance of such contract by appellee.

Appellee filed a petition asking that such contract be cancelled, the sale disapproved, and that the administrator be ordered to return to him the $500 paid by him on such contract, which contained, among others, the following averments in substance: That on the — day of July, 1915, the appellant attempted to sell to appellee the real estate in question; that when he went to look at the same, to ascertain its quality and determine its value, he came upon a large boulder on the land, and asked the appellant, who was present at the time, if there were any other stones of like character on the farm; that appellant answered that there was one other stone upon the farm of like character, and only one other; that appellant made such representations falsely and fraudulently for the purpose of misleading the appellee

and inducing him thereby to purchase said farm, and to pay a higher price for the same than it was worth.

The petition further avers that there are about twelve acres of such land, in the central part of such farm, which is badly encumbered with boulders of various sizes, ranging from six inches to three feet in diameter; that there. are thousands of them, many being just beneath the surface of the soil, and many slightly protruding therefrom; that at the time of such inquiry, there was growing over that part of the farm encumbered by such boulders a crop of oats, headed out and uncut, which was wet from dew, rain, and other moisture, which facts prevented a personal inspection of such part of the farm; that he had no reason to doubt the truthfulness of the representations made to him by appellant and, relying upon his representations and believing them to be true, he made no further investigations; that at the time appellant made such representations he knew they were false and fraudulent, and he knew that appellee did not know they were false and was relying upon the same being true; that had he not been thus misled he would not have entered into such contract of purchase at the price agreed upon and would not have parted with his money in making the cash payment thereon; that he entered into a contract with appellant to purchase such farm for the sum of $7,000 and he paid thereon the sum of $500 cash, but soon afterwards, when the oats crop growing thereon was harvested, he discovered said boulders on said farm; that he at once called appellant's attention to such stone and to the representations made by him and asked that he rescind such contract and pay back to him the $500 paid thereon, which request appellant refused and still refuses to do; that if said farm were free from boulders, its actual value would be $7,000, but when encumbered with boulders as alleged, its actual value is only $5,500; that if the court would approve and confirm such sale it would result in defrauding him of the sum of $1,500; that such sale ought not to be approved

and confirmed, as the estate of said decedent will suffer no loss thereby, since it is still in possession of the land and the crops thereon, and will be left in *statu quo* if such sale is rejected. The prayer asks for the cancellation of such contract, the disapproval of such sale, and an order directing the appellant to return to him his $500 paid on such contract. To this petition appellant filed his demurrer for want of facts, which was overruled and the proper exception was reserved. Appellant then filed an answer in general denial, and a trial was had on the issue thus formed, resulting in a judgment that the report of the sale of real estate to appellee be not approved and that the appellant return to appellee within ten days, $250 of the $500 paid by him on said real estate and that the cost be paid by the estate. Appellant filed a motion for a new trial, prior to the rendition of judgment, which was overruled and the proper exception reserved.

Appellant has presented two questions for the determination of this court arising from the action of the court below in overruling his demurrer to appellee's petition, and in overruling his motion for a new trial.

A number of specifications of insufficiency are set out in the memorandum filed with appellant's demurrer, but only four questions are presented thereby, the first question being, as to the right of appellee to recover the $500 paid by him in the manner attempted. Appellant insists that this could only be done by filing a claim against the estate of decedent with the clerk, as provided by §2828 Burns 1914, Acts 1883 p. 153. We do not concur in this contention. The primary object of appellee's petition was to have the contract of sale cancelled and appellant's report thereof disapproved. If this were done, the return of the money paid would follow as a natural result, and hence its recovery was only an incident to the main object of the proceedings and was not governed by §2828 Burns 1914, *supra*.

The next question raised by the demurrer and memorandum challenges the right of appellee to any relief under his petition, because it does not show that the considera-

2. tion for the alleged promises or warranties arose prior to the date of the death of decedent. Such a showing was not necessary to accomplish the purpose for which the petition was evidently filed. Any such allegations would have been foreign to the theory upon which it proceeds, as appellee specifically grounds his rights on facts occurring subsequent to decedent's death.

Appellant also claims in his specification of insufficiency that the appellee by his petition is seeking to recover damages from the decedent's estate for the tort of appel-

3. lant, as administrator thereof, and that under the law this cannot be done. As said in the case of *Bright Nat. Bank* v. *Hanson* (1916), —— Ind. App. ——, 113 N. E. 434, on page 437: "It is no doubt true, as appellant contends, that generally speaking an estate will not be rendered liable for any damages resulting from any false statements, representations, or warranties made by the administrator. *Riley* v. *Kepler*, 94 Ind. 308; *Huffman* v. *Hendry*, 9 Ind. App. 324, 36 N. E. 727, 53 Am. St. Rep. 351, and cases cited. This is so because an administrator as such has no authority to make such statements, representations, or warranties for or on behalf of his estate, and hence, if liable at all, he is individually liable." However, this is not a case coming within that rule, as the appellee is not seeking by his petition to recover damages from any one on any account, but solely to have his own money returned to him, as an incident to the primary object of the petition. While we concede that the administrator of an estate cannot bind the estate by his warranty or render it responsible in damages for frauds or torts committed by him, yet in his dealings with third persons in respect to the estate he is not, by his representative character, absolved from the universal obligation to observe the dictates of natural justice

and common honesty; which require that he shall act fairly and not fraudulently. Nor can the estate which he represents be permitted to derive an unjust and unconscientious advantage to the injury to those with whom its legal representative contracts, by means of his unauthorized fraudulent conduct. *Able* v. *Chandler* (1854), 12 Tex. 88, 62 Am. Dec. 518.

The final objection urged to the sufficiency of the petition is that it does not state facts sufficient to constitute actionable fraud. We do not consider such objection well taken. The representations alleged to have been made by appellant to appellee, with reference to the presence of boulders on the land, while appellee was looking over the same with a view of becoming a purchaser, were of such a nature as to mislead and deceive appellee with reference thereto. They concerned matters which evidently materially affected the value of the land. Facts are alleged which afforded appellee a reasonable excuse for not making further investigation on his own part. If such representations were relied on and were false and fraudulently made, as alleged, for the purpose of deceiving him as to the character of the land and the value thereof, they are sufficient on which to base a petition for the relief asked.

The questions raised on overruling appellant's motion for a new trial are based upon the alleged insufficiency of the evidence to support the decision of the trial court, and the action of the court in the admission and rejection of certain evidence. Appellant has failed to show in his brief that he reserved any exception to such ruling of the court, and under the rules we would be justified in refusing to consider such question on that account. However, we have given the evidence, which is largely oral, due consideration. We find that there is a conflict in the evidence as to what was actually said between the parties at the time it is claimed that the fraudulent representations were made, and also as to the terms of the

alleged agreement with reference to the removal of the stone and what had actually been done in pursuance thereof. The court, after hearing the evidence, found in favor of appellee, and with the presumption in favor of the decision of the trial court, we are unable to say that it is not sustained by the evidence. We cannot therefore disturb the decision of the trial court on account of the alleged insufficiency of the evidence. *McKeen* v. *A. T. Bowen & Co.* (1914), 182 Ind. 333, 106 N. E. 529; *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 107 N. E. 81.

It is insisted by appellant that the court erred in admitting certain evidence during the trial. Appellant has not stated or shown in his brief what specific objections, 6. if any, were made in the court below to the admission of such evidence, nor is it stated or shown that any exceptions were reserved to the ruling of the court in admitting such evidence, as required by the rules of this court. Appellant under his statement of points and authorities assigns reasons for his present contention that the court erred in admitting such evidence, but it is not stated or shown that such reasons were given in the court below on the trial of said cause as a reason for its rejection. *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709.

Appellant also complains of the ruling of the court in refusing to strike out a certain answer, and in sustaining appellee's objections to a certain question, but it is 7. not stated or shown in his brief that any exception was reserved to the ruling of the court in either instance and hence no question is presented for determination. It has been held uniformly that the rules require that appellant's brief be so prepared that all questions presented by the assignment of errors can be determined 8. by an examination of the brief, without looking to the record, and that, to the extent that said rules have been complied with, the errors assigned will be determined and the

others will be considered waived. Ewbank's Manual (2d ed.) §181; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 71 N. E. 151; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co., supra.*

We find no error in the record. Judgment affirmed.

NOTE.—Reported in 115 N. E. 333. Executors and administrators, fraudulent representation of, resulting in advantage to estate, recovery against estate, 18 Cyc 296, 297.