**Randall R. GEIST,
Intervenor–Appellant,**

v.

**DIVERSIFIED FINANCIAL
PLANNERS, INC., Appellee
(Plaintiff Below),**

and

**Katherine Ann Willis Janes, Virginia
Carter Sampson and Federal Land
Bank of Louisville, Appellees (Defendants Below).**

No. 56A03–9007–CV–257.

Court of Appeals of Indiana,
Third District.

May 13, 1991.

Arthur E. Mandelbaum, Miller Carson & Boxberger, Fort Wayne, for intervenor-appellant.

John T. Casey, Blaney, Casey & Walton, Rensselaer, Daniel C. Blaney, Blaney, Casey & Walton, Morocco, for appellees Katherine Ann Willis Janes and Virginia Carter Sampson.

HOFFMAN, Presiding Judge.

Intervenor-appellant Randall R. Geist (Geist) brings an interlocutory appeal from the trial court's denial of his petition to vacate court approval of report of sale of certain real estate located in Newton County, Indiana.

The facts relevant to this appeal disclose that defendants-appellees Katherine Janes and Virginia Sampson (Janes and Sampson) and plaintiff-appellee Diversified Financial Planners, Inc. (DFP) each owned an undivided $\frac{1}{3}$–interest in real estate located in Newton County, Indiana.[1] DFP filed a complaint for partition of real estate on June 17, 1988, and Janes and Sampson filed an answer and counterclaim for partition of real estate on June 30, 1988. After a hearing on August 23, 1988, the trial court appointed commissioners to partition the property; however, on March 28, 1989, the commissioners filed a report indicating that the property could not be divided without injury to the owners. On May 5, 1989, the court entered an order directing the commissioners to sell the property. The commissioners held a public sale on August 25, 1989, and Geist, a principal for DFP, submitted the highest bid.

As a down payment on the property, Geist wrote a check on DFP's account for 5% of the purchase price. On August 30, 1989, the commissioners filed a report of the sale which the trial court approved that same day. The commissioners deposited Geist's check in the Morocco branch of the Demotte State Bank on September 1, 1989, and paid various fees and advertising ex-

---

1. Defendant-appellee Federal Land Bank of    Louisville holds the mortgage on the property.

penses. On November 1, 1989, the commissioners filed a report advising the trial court that Geist had failed to close on the property on the scheduled date of October 24, 1989. Geist filed a petition to intervene on November 28, 1989, and a petition to vacate court approval of report of sale on December 27, 1989. The court granted the former on November 28, 1989, but denied the latter on June 5, 1990.

Geist's sole claim on interlocutory appeal is that the trial court erred in denying his petition to vacate court approval of report of sale because the sales agreement did not comply with the statute of frauds. IND. CODE § 32–2–1–1 (1988 Ed.) provides in pertinent part:

"No action shall be brought in any of the following cases:

\* \* \* \* \* \*

Fourth. Upon any contract for the sale of lands ...[.]

Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith...."

Janes, Sampson, and DFP argue that the notice of sale, Geist's check, and the commissioners' report of sale are sufficient to satisfy the requirements of the statute of frauds; however, we need not address that issue. As this Court noted in *Beeson v. Pierce* (1912), 51 Ind.App. 201, 204, 98 N.E. 380, 381: "Judicial sales made by and under the supervision of a court are not within the statute of frauds, and are binding on the purchaser without any written contract or memorandum of sale, it being the confirmation of the sale by the court which takes it out of the statute." The instant sale was a judicial sale made under order of the trial court; therefore, the court did not err in denying Geist's petition to vacate court approval of report of sale.

Affirmed.

GARRARD and STATON, JJ., concur.